**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Deborah K. TROXELL, Defendant–Appellant.**

Nos. 88–3357, 88–3467.

United States Court of Appeals, Seventh Circuit.

Argued May 25, 1989.

Decided Oct. 20, 1989.

---

John A. Mehlick and Hilary Frooman, Asst. U.S. Attys., Springfield, Ill., for U.S.

Deborah K. Troxell, Lexington, Ky., pro se.

James M. Drake, Holley, Keith & Huntley, Springfield, Ill., for Deborah K. Troxell.

Before WOOD, Jr., COFFEY and FLAUM, Circuit Judges.

COFFEY, Circuit Judge.

Deborah Troxell appeals the sentence on a charge of cocaine distribution, and her conviction for failing to appear for sentencing in the cocaine prosecution. We affirm the convictions and the sentences.

On January 20, 1988, Troxell was named in five counts of a multi-count narcotics indictment in the Central District of Illinois charging her with one count of conspiracy,

one count of possession of heroin with intent to distribute, and three counts of distribution of cocaine within 1000 feet of an elementary school. On April 25, Troxell reached a plea agreement and agreed to plead guilty to the three cocaine distribution counts on condition that the Government drop the conspiracy and heroin counts and move to amend the cocaine counts to delete mention of the proximity to a school. Further, Troxell agreed to cooperate with the Government in other investigations and prosecutions, conditional upon the Government informing the sentencing judge of the value of her cooperation. The cocaine distribution counts were amended pursuant to the agreement, and Judge Mills accepted a plea of guilty on May 23, 1988 with sentencing set for August 15, 1988.

Troxell was released on an unsecured bond of $25,000 pending sentencing. Not long after the guilty plea hearing, Troxell violated the conditions of her release, leaving the Central District of Illinois and fleeing the country. When she failed to report to her probation officer as required on June 20, 1988, her bond was revoked, and a warrant for her arrest was issued. Subsequently a bond forfeiture hearing was held, and a judgment was entered against her in the amount of $25,000. Fed.R.Crim.P. 46(e).

On August 15, the defendant failed to appear for the sentencing hearing. Judge Mills expressed his displeasure that Troxell had violated the conditions of her bond and fled the country, and advised the Government to return her before the court.

Troxell was arrested at John F. Kennedy Airport in the Eastern District of New York upon her return to the country from the Middle East on October 25, 1988. She waived her extradition hearing, and was returned to Illinois, where she was confined pending trial. Her attorney moved to withdraw, and the motion was denied. Troxell personally filed a request to dismiss her attorney, and to represent herself. The court acquiesced, and attorney James M. Drake was appointed as stand-by counsel.

On the adjourned sentencing date for the cocaine charges, November 21, 1988, Troxell and stand-by counsel filed a motion requesting Judge Mills to recuse himself. The motion was denied, and the court proceeded to sentencing. The United States Attorney presented evidence that Troxell had not only violated the conditions of her release by leaving the district, but also that she had continued to sell and use drugs. He stated that Troxell's cooperation with other investigations had been "fair." Troxell was sentenced to three consecutive terms of seven years each imprisonment, to be followed by a special parole term of seven years. The judge made it clear that Troxell was being sentenced for the distribution of cocaine, but that her failure to abide by the conditions of her release was considered as an aggravating circumstance. In accordance with the plea agreement, the government then moved to drop the other two counts of the indictment regarding distribution of cocaine in the near proximity of a school and possession of heroin with intent to distribute, and the motion was granted.

On November 2, 1988, Troxell was indicted for failing to appear at the August 15 sentencing hearing in violation of 18 U.S.C. § 3146. With stand-by counsel present, Troxell entered a plea of not guilty and filed a second motion requesting that Judge Mills recuse himself. This motion also was denied and the trial was scheduled for December 6, 1988. At that time, Troxell moved to dismiss on the grounds of double jeopardy, based on the prior consideration of her failure to appear as an aggravating circumstance in the narcotics case. When the motion was denied, she changed her plea to guilty, waived further presentence investigation, and was sentenced under the Sentencing Reform Act to thirty months of imprisonment, to be served consecutive to the cocaine distribution sentences. She was also sentenced to three years of supervised release to be served concurrently with the special parole term imposed on the drug charges.

In her consolidated appeals, Troxell raises two arguments. First she argues that Judge Mills erred in not recusing himself in

both cases. She also argues that, even if Judge Mills could hear the cases, enhancing the sentence for the drug counts because of her flight from the District was error, and that the later sentencing for violation of 18 U.S.C. § 3146 violated her constitutional protection against double jeopardy.

## I. RECUSAL

██ Troxell filed her motion for recusal in the drug case without even an affidavit, much less any supporting case law. Judge Mills allowed Troxell's testimony under oath to take the place of an affidavit. She said:

> "I did overhear a conversation in New York in the courtroom about—I don't know who the gentleman was talking on the phone in New York. I don't know who he was talking to in Springfield. All I know for sure [is] that it was about me, and he said, quote, unquote, 'That must be one angry Judge,' and then he said something about I was going to get the total of the sentence which we all know is sixty years, and I will swear to that."

Transcript of sentencing hearing at 11. At no time did Troxell allege that Judge Mills personally had anything to do with the conversation. Neither did she allege that Judge Mills displayed any knowledge about her other than what he gained in the course of the judicial proceedings. Thus, Troxell merely alleges she suspects that some unidentified person was talking about her, speculating that some judge must be angry, and that Troxell was going to receive the maximum sentence, which when accepted at face value falls far short of demonstrating an actual bias or prejudice on the part of Judge Mills, and at best is merely an allegation of an appearance of impropriety. 28 U.S.C. § 455(a). In this Circuit, denial of a motion for recusal based on the appearance of impropriety can be challenged only with a writ of mandamus. *Durhan v. Neopolitan*, 875 F.2d 91 (7th Cir.1989); *United States v. Balistrieri*, 779 F.2d 1191, 1205 (7th Cir.1985), *cert. denied*, 475 U.S. 1095, 106 S.Ct. 1490, 89 L.Ed.2d 892 (1986). "It is a fundamental principle of appellate review that unless an error affects the substantial rights of the appellant, it is not a basis for reversal. 28 U.S.C. § 2111; Fed.R.Crim.P. 52(a). As we pointed out in [*United States v.*] *Murphy*, 768 F.2d 1518, 1539 (7th Cir.1985), if a judge proceeds in a case when there is (only) an appearance of impropriety in his doing so, the injury is to the judicial system as a whole and not to the substantial rights of the parties. The parties receive a fair trial, even though a reasonable member of the public might be in doubt about its fairness, because of misleading appearances." *Balistrieri*, 779 F.2d at 1204–05. Once the proceedings in the district court are complete, the harm sought to be avoided by the requirement of recusal for appearance of impropriety has been done—the public image of the judiciary has already been damaged. *Durhan v. Neopolitan*, 875 F.2d at 97. Parties are required to act promptly in seeking a writ of mandamus to avoid that harm at the outset rather than waiting until a final judgment has been rendered. *Balistrieri*, 779 F.2d at 1205. Thus we need not review Troxell's claim that Judge Mills should have recused himself in the narcotics case.

██ In the bail-jumping matter, Troxell's motion could be read to charge Judge Mills with actual prejudice. A charge of actual bias can be reviewed after a conviction. *See United States v. Bond*, 847 F.2d 1233, 1241 (7th Cir.1988) (*Balistrieri* requirement of immediate application for writ of mandamus for appearance of bias has never been applied to charges of actual bias; where record was not fully developed on criminal defendant's charge of actual bias, contention was dismissed without prejudice to raising the issue in a 28 U.S.C. § 2255 collateral proceeding). A charge of actual bias is not waived when a defendant pleads guilty. *United States v. Gipson*, 835 F.2d 1323, 1324–25 (10th Cir.), *cert. denied* — U.S. —, 108 S.Ct. 2038, 100 L.Ed.2d 623 (1988) (motion based on appearance of impropriety is waived by guilty plea, but motion alleging actual partiality is not waived). Troxell's motion stated that Judge Mills had previously announced in open court that he thought Troxell was

guilty of bail-jumping, and that he had "made public comments suggesting the guilt of the defendant of crimes for which she was not even charged; that Judge Mills publicly attempted to label the defendant as 'Madame Cocaine'; that Judge Mills publicly announced that the defendant 'is not a nice person', suggesting general guilt of the defendant." These public comments were made when Judge Mills was announcing his reasoning in sentencing Troxell in the cocaine distribution case. Even if all the allegations set forth in the motion (which again were not accompanied with an affidavit nor the certificate required under 28 U.S.C. § 144) were true, and even if they indicated actual bias rather than mere spleen (*compare Pearce v. Sullivan*, 871 F.2d 61, 63–64 (7th Cir. 1989)), they still fail to reflect bias or prejudice based on knowledge gained outside the judicial proceedings. *United States v. Bond*, 847 F.2d 1233, 1241 (7th Cir.1988). Absent any other pertinent facts, we know of no mandate requiring that a judge recuse himself under these circumstances. The fact that knowledge of the defendant was gained in separate courtroom proceedings presided over by the same judicial officer does not alter the judicial character of the knowledge. *United States v. Dichiarinte*, 445 F.2d 126, 132 (7th Cir.1971). Judge Mills' decision to proceed with the case was proper.

## II. SENTENCING AND DOUBLE JEOPARDY

Troxell claims that Judge Mills erred when he took into consideration her flight from the jurisdiction of the court in sentencing for the narcotics offenses. She argues that she was being punished for her flight as much as being punished for distributing cocaine, and that she had not been convicted as of that date for violating the conditions of her release. She goes on to argue that, having been once punished for leaving the District, she could not constitutionally be punished again for the same offense in the later indictment.

Initially we address Troxell's argument that it was improper for Judge Mills to consider Troxell's alleged violation of the conditions of her release when sentencing her on the cocaine distribution charge based upon a claim of double jeopardy.

"A trial judge has wide discretion in sentencing which will not be disturbed by this Court absent a gross abuse of discretion. In imposing sentence, the trial judge may conduct an inquiry broad in scope and largely unlimited as to the kind of information the court may consider, provided that information is not improper or inaccurate. This axiom of appellate review applies with great force where, as in this case, the sentence imposed is within the statutory limits. However, the trial judge's discretion is, of course, circumscribed by the constitutional rights of the defendant." *United States v. De La Cruz*, 870 F.2d 1192, 1196 (7th Cir.1989) (citations omitted).

Because the imposition of punishment on the cocaine charges came before the conviction on the bail-jumping charge, consideration of Troxell's flight in sentencing on the drug charges could not yet have been barred by any previous jeopardy. Even if Troxell were correct in assuming that her cocaine sentence also constituted punishment for her violation of the conditions of her release, her first punishment for that offense would not be barred by the Double Jeopardy clause of the Fifth Amendment to the Constitution, which states only that no person shall "be subject for the same offense to be *twice* put in jeopardy of life or limb" (emphasis added). The Supreme Court has identified three separate guarantees embodied in the Double Jeopardy clause. "It protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense." *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 306–07, 104 S.Ct. 1805, 1812, 80 L.Ed.2d 311 (1984). Because the cocaine prosecution came first, the first two guarantees are obviously inapplicable in this case. "The clause has little relevance when no prior proceeding of any kind has occurred and when no threat of criminal jeopardy exists." *Devine v.*

*Goodstein,* 680 F.2d 243, 247 (D.C.Cir.1982) (per curiam). Because there is no substantial constitutional question in regard to the sentencing on the cocaine distribution counts, our only inquiry is whether consideration of Troxell's violation of the conditions of her release constituted a gross abuse of discretion. The third guarantee is inapplicable as well. The guarantee against multiple punishments is a protection against multiple charges with separate punishments being pressed in the same case for the same acts, as in the case of *United States v. Stavros,* 597 F.2d 108 (7th Cir.1979), where a conviction on both a major offense and a lesser included offense in the same trial was found to violate the guarantee. Troxell's is not such a case.

It is important that a court have full and complete knowledge of the defendant before the imposition of a sentence. *Williams v. New York,* 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949). The ideal is for the punishment imposed to fit the criminal as well as the crime. *Id.* Therefore, the court should obtain all the information it can about every aspect of the defendant's life. This includes "alleged criminal activity for which the defendant has not been prosecuted, illegally obtained evidence, and hearsay evidence." *United States v. Plisek,* 657 F.2d 920, 926 (7th Cir.1981) (citations omitted). It includes anything that could be relevant to selection of the proper sentence. 18 U.S.C. § 3661. "In order for a judge to be well advised of all of the facts surrounding the defendant's background, and particularly in view of the judge's obligation to the general public ... it is imperative that he be allowed to draw upon a wealth of information concerning the defendant's background, *from the date of [her] birth up to and including the moment of sentencing.*" *United States v. Madison,* 689 F.2d 1300, 1314 (7th Cir. 1982), *cert. denied,* 459 U.S. 1117, 103 S.Ct. 754, 74 L.Ed.2d 971 (1983) (emphasis added). The fact that Troxell violated the conditions of her release demonstrated to Judge Mills that she was "not a worthy subject for mitigation in that arena." It showed an overall unwillingness to be rehabilitated. "While all judges have the obli-

gation to protect individual rights the judge must not lose sight of the common good of all mankind." *United States v. Madison, supra,* 689 F.2d at 1314. Criminal sentencing can and should serve a multitude of purposes, including, but not limited to, rehabilitation, punishment, and incapacitation. *See* Model Penal Code § 1.02(2). The purposes Judge Mills apparently sought to serve were punishment and incapacitation including rehabilitation. In his attempt to fulfill the mandates of a proper sentence, Troxell's actions were highly relevant.

■ Troxell complains that Judge Mills did not take into account the fact that, at the time of sentencing on the drug charge, she had entered a plea of not guilty to the bail-jumping charge. She does not argue that he relied on inaccurate information; the record does not support such an argument. She has admitted the accuracy of the charge of failing to appear for sentencing by pleading guilty to an indictment based on the same set of facts just a few days later. She complains only that Judge Mills considered contested information in passing sentence. The rules of evidence do not apply to sentencing hearings, *United States v. Tucker,* 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972), and information relied upon by the sentencing judge need not be proved beyond a reasonable doubt. *United States v. Catch The Bear,* 727 F.2d 759, 761 (8th Cir.1984) ("some minimal indicium of reliability beyond mere allegation" is all that is required). Judge Mills heard the sworn testimony of the Deputy United States Marshal who had interviewed Troxell upon her return to Illinois. The Marshal recounted Troxell's own statements about having fled the country, and about her having continued to use and to deal in drugs even after the entry of her plea of guilty to the indictment. Although Troxell had an opportunity to rebut these charges, she chose not to do so. We disagree with the defendant's allegation of error on the part of the sentencing court in its consideration of her violation of the conditions of her pretrial release, and we hold that the district court

committed no reversible error in sentencing Troxell on the charge of cocaine distribution.

Next we turn to Troxell's double jeopardy attack on the bail-jumping conviction under 18 U.S.C. § 3146. It should be emphasized after a review of the record that the court's mere knowledge and consideration of the violation of conditions of release in the first case did not amount to sentencing her for those violations—the consideration went only to the appropriate severity of the penalty for cocaine distribution. The double jeopardy argument Troxell raises in regard to her conviction on the bail-jumping charge was considered and rejected in *United States v. Brown*, 785 F.2d 587 (7th Cir.1986). In that case, the defendant had been found guilty of mail fraud after a jury trial, but had fled before sentencing. When he was recaptured he was sentenced on the original fraud charge, and the judge considered the fact that he had failed to appear for sentencing. In affirming a subsequent conviction for bail jumping over a double jeopardy challenge, the court quoted *United States v. Haygood*, 502 F.2d at 169: "The fact that a particular charge is pending in another court may make it appropriate for the sentencing judge to inquire into that matter, but if he should attach some minimal significance to it, his exercise of the human faculty of judgment is not the constitutional equivalent of a formal judgment of the court forever barring a proceeding before another tribunal." 785 F.2d at 592–93. Mere mention of a bad act in sentencing for a crime does not amount to attachment of jeopardy for that act. Troxell's punishment for distribution of cocaine was harsh, probably because she established by her actions that she was a poor candidate for probation consideration. One who flagrantly fails to appear for a scheduled court appearance and wastes the precious time of an overburdened judicial system certainly should not expect leniency from that system. Troxell properly was punished for distributing cocaine in violation of 21 U.S.C. § 841(a)(1), and also was punished only once for her failure to appear

for sentencing in violation of 18 U.S.C. § 3146.

## III. EFFECTIVE ASSISTANCE OF COUNSEL

After oral argument in this case, Troxell sent a letter to the Clerk of this Court. Normally, we would disregard such a letter. *See Non–Punitive Segregation Inmates v. Kelly*, 589 F.Supp. 1330, 1335 (E.D.Pa.1984) (court will ordinarily not consider *pro se* filings from represented parties). However some comments in the letter might somehow be construed as a charge of ineffective assistance of counsel. Thus we shall briefly address Troxell's charge. Troxell has not complained of any particular action or inaction on the part of her counsel. From our review of the record we are of the opinion that attorney James Drake handled a difficult case in a professional manner. Because Troxell chose to represent herself in the trial court, there can be no complaint about the adequacy of her representation there. *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975); *United States ex rel. Smith v. Pavich*, 568 F.2d 33, 38–40 (7th Cir.1978); *United States v. Causey*, 835 F.2d 1289, 1293 (9th Cir.1987). Drake's representation of Troxell's interests before this Court cannot be considered as "outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984); *see also Gray v. Greer*, 800 F.2d 644 (7th Cir.1985).

From our review of the record we are convinced that the judgments and sentences must be

AFFIRMED.