**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Eric MACK, Defendant–Appellant.**

**No. 91–3010.**

United States Court of Appeals,
Sixth Circuit.

Argued May 10, 1991.

Decided July 16, 1991.

Linda M. Betzer, Asst. U.S. Atty., Office of the U.S. Atty., Cleveland, Ohio, for plaintiff-appellee.

Debra M. Hughes, (argued), Office of the Federal Public Defender, Cleveland, Ohio, for defendant-appellant.

Before KEITH and BOGGS, Circuit Judges, and RUBIN, District Judge *.

CARL B. RUBIN, District Judge.

This interlocutory appeal asserts a conflict between the procedures under the Sen-

* The Honorable Carl B. Rubin, United States District Court for the Southern District of Ohio, sitting by designation.

tencing Guidelines and the Fifth Amendment prohibition against Double Jeopardy[1]. The Court finds no conflict to exist and affirms the decision of the District Court.

The assertion of such a conflict, however, requires consideration of issues beyond the factual background of this case. Simply stated, the question is, "Does the enhancement of sentence in accordance with the Sentencing Guidelines for other criminal activities constitute also punishment for those other activities?" This appears to be a matter of first impression in this circuit, although it has been considered by circuits elsewhere. To assist trial courts confronted with variations of the problem herein, this circuit will adopt a position consistent with those circuits that previously have spoken.

Appellant Eric Mack was indicted on October 31, 1989, for conspiracy to distribute cocaine in violation of 21 U.S.C. Section 846. He pleaded guilty and that plea was accepted. A sentencing hearing was scheduled for July 9, 1990. Appellant Mack failed to appear. The hearing was continued to July 13, 1990, and again Appellant Mack did not appear. A warrant was issued for his arrest and he was apprehended in September, 1990.

At the sentencing hearing, The Honorable George W. White, District Judge, heard testimony that Mack, when apprehended, had given a false name and required restraint by three police officers. Mack also had ceased reporting to the Pretrial Services Department in July (Appendix, pp. 25–26). Judge White made the following statement:

> We will give the benefit of the doubt about the acceptance of responsibility, but because of the fact that it appears that you still haven't learned some things about dealing with law enforcement officers and being truthful, sir, it's going to cost you a little bit more so far as time is concerned. (Appendix p. 29).

The Sentencing Guideline range for Mack's offense had been determined to be 57 to 71 months of incarceration. The District Judge imposed a sentence of 68 months incarceration, supervised release of four years, and an assessment of Fifty Dollars. The sentence included an apparent two point reduction for acceptance of responsibility.

On October 18, 1990, Appellant Mack was indicted for knowing failure to appear for sentencing in violation of 18 U.S.C. Section 3146. That indictment was assigned to the Honorable David D. Dowd, Jr. A motion was filed to dismiss the indictment on double jeopardy grounds and that motion was denied. In his denial of the motion, Judge Dowd stated:

> "... Judge White's reference was clearly to the fact that the defendant [Mack] when apprehended several days before his sentencing in September, 1990, gave a false name and temporarily resisted the arrest and that defendant's punishment was not increased based upon his failure to appear for his sentencing on July 9, 1990 or July 13, 1990."

(Appendix p. 45.)

■ There are three separate guarantees contained in the Double Jeopardy Clause. It protects against a second prosecution for the same offense after acquittal; against a second prosecution for the same offense after conviction; and against multiple punishments for the same offense. *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984). It is beyond question that the first two guarantees are not implicated herein. The only question is whether or not there have been multiple punishments for the same offense.

■ Three other circuits, the Fifth, Seventh and Tenth, have held that the prohibition against double jeopardy is not implicated when a defendant is indicted for an incident of conduct previously used to increase the length of his sentence for a separate offense.

---

**1.** "... nor shall any person be subject for the same offense to be twice put in jeopardy of life

or limb."

The Fifth Circuit reached its conclusion in *Sekou v. Blackburn*, 796 F.2d 108 (5th Cir.1986)[2]. There, the defendant was convicted of and sentenced for felony-murder after a court had considered the same murder as an aggravating circumstance in sentencing him on an earlier armed robbery conviction. *Id.* at 111. Finding that "[c]onsideration of criminal conduct as an aggravating circumstance does not convert the sentencing proceeding into a trial, conviction, or punishment for the criminal activity so considered," *id.*, the Court held that such consideration does not implicate the Double Jeopardy Clause. *Id.* at 112. "Rather, the other crimes aggravate his guilt of, and justify heavier punishment for, the specific crime for which defendant has just been convicted." *Id.*

In *United States v. Troxell*, 887 F.2d 830 (7th Cir.1989), the Seventh Circuit applied the same analysis where the defendant's flight from the country while on bond was used to enhance her sentence on drug charges, and she subsequently was indicted for jumping bail. *Id.* at 832. After reviewing the record, the Court found that the lower court's "mere knowledge and consideration of the violation of conditions of release in the first case did not amount to sentencing [the defendant] for those violations—the consideration went only to the appropriate severity of the penalty for cocaine distribution." *Id.* at 836. The Court then further stated:

"The fact that a particular charge is pending in another court may make it appropriate for the sentencing judge to inquire into that matter, but if he should attach some minimal significance to it, his exercise of the human faculty of judgment is not the constitutional equivalent of a formal judgment of the court forever barring a proceeding before another tribunal." Mere mention of a bad act in sentencing for a crime does not amount to attachment of jeopardy for that act.

*Id.* (quoting *United States v. Haygood*, 502 F.2d 166, 169 (7th Cir.1974), *cert. denied*,

419 U.S. 1114, 95 S.Ct. 791, 42 L.Ed.2d 812 (1975)) (citation omitted).

In *United States v. Koonce*, 885 F.2d 720 (10th Cir.1989), the district court imposed a statutory maximum sentence for the defendant's drug distribution conviction, relying on evidence that the defendant had perpetrated similar acts elsewhere. *Id.* at 721. The defendant subsequently was indicted for one of the offenses used to enhance his sentence on the earlier conviction. *Id.* The Tenth Circuit concluded that the Double Jeopardy Clause's ban on multiple prosecutions for the same offense "is not implicated [where a] defendant is not now facing a trial ... for the same offense for which he previously has been convicted ..." *Id.* at 721–22. The Court reasoned that the sentencing hearing on the defendant's prior offense did not constitute a "prosecution" for the other acts in evidence, because "at no time was defendant in jeopardy for [the second offense]. Rather, defendant was only 'in jeopardy' of receiving a harsher sentence for the [first] offense than he otherwise would have received." *Id.* at 722.

Additional precedent exists for the same conclusion in this case. Two other circuits, the Third Circuit and the Fourth Circuit, as well as the United States Supreme Court, have supported the proposition set forth herein. The Fourth Circuit has held that the court's consideration of a defendant's false trial testimony when sentencing him on drug charges does not bar later prosecution for perjury. *United States v. Wise*, 603 F.2d 1101 (4th Cir.1979).

The Third Circuit more recently has cited all of the foregoing cases for the proposition that "[the] consideration of a prior bad act at sentencing will not ordinarily create a double jeopardy bar to a later prosecution for that bad act." *United States v. Garcia*, 919 F.2d 881, 886 (3rd Cir.1990).

The Supreme Court has permitted a kidnapping sentence to take into consideration the death of the victim, despite the fact

**2.** While the *Sekou* decision predates the Sentencing Guidelines, the question involved is the same.

that the defendant already had been sentenced for the victim's murder. *William v. Oklahoma*, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959).

■ In contrast to the foregoing, Appellant's reliance upon *Grady v. Corbin*, —— U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), appears to be misplaced. In *Grady*, the Court defined its holding as follows:

> We hold that the Double Jeopardy Clause bars a subsequent prosecution *if to establish an essential element of an offense* charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted. (emphasis added)

*Id.* 110 S.Ct. at 2087.

There is no evidence herein and none has been asserted that the failure to appear for sentencing has any element in common with distributing cocaine.

The consideration of collateral conduct for purposes of sentence enhancement is not new. Section 1B1.3 of the Sentencing Guidelines simply memorializes a long standing practice of trial judges. Prior convictions of a defendant routinely are used to determine the quantity of sentence. If Appellant is correct, then any consideration is a second punishment and therefore violative of the Double Jeopardy Clause.

An enhanced sentence because of a prior conviction is no more double jeopardy than is a consideration of other relevant conduct, including the likelihood of a subsequent conviction.

The Interlocutory Appeal is hereby DENIED.