972 F.2d 349
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith MARTIN, Defendant-Appellant.
 No. 91-4076.
 United States Court of Appeals, Sixth Circuit.
 July 28, 1992.
Order Denying Rehearing and Rehearing
En Banc Oct. 7, 1992.
Dissenting Opinion Filed on Denial of Rehearing
En Banc Oct. 16, 1992.
 
 Before KENNEDY and SILER, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Appellant, Keith Martin, appeals the district court's sentence, pursuant to the United States Sentencing Guidelines, of sixty-three months imprisonment. For the following reasons, the district court's decision is AFFIRMED.
 
 I.
 
 2
 On November 5, 1988, Columbus, Ohio, police officers, acting in an undercover capacity, purchased crack cocaine from Martin, arrested him, and placed him in jail until November 15, 1988, in lieu of a $350.00 bond. On November 25, 1988, undercover agents made several controlled crack purchases at 789 Greenfield, Apartment 3-H, in Columbus, and the police executed a search warrant, at the residence on November 28, 1988. Officers Ronald Jacobs and Robert Reffitt went to the back of the apartment. As Reffitt entered the hallway, he observed Martin in the bathroom shutting the door. Jacobs then made a forced entry into the bathroom and found Martin behind the door. Jacobs pulled Martin out and made him lie down in the prone position on the bathroom floor. Jacobs then rolled Martin over to search for weapons and found a cocaine baggie under his torso. This baggie contained 16.46 grams of cocaine base, with a street value of $1,000 to $2,000.
 
 
 3
 Martin was indicted on three counts: (1) conspiracy to maintain a place for distribution of cocaine base during November, 1988, in violation of 21 U.S.C. §§ 856(a), 846; (2) knowingly and intentionally possessing with intent to distribute over five grams of crack, in violation of 21 U.S.C. § 841(a), (b)(1)(B)(iii) and 18 U.S.C. § 2; and (3) selling crack within one thousand feet of an elementary school on November 5, 1988, in violation of 21 U.S.C. §§ 841(a)(1), 845(a). Martin was acquitted on counts 1 and 2 and was convicted on count 3. Nonetheless, the district court found by a preponderance of the evidence that: (1) Martin possessed the crack cocaine found underneath him in the bathroom; (2) the amount indicated possession with intent to distribute; and (3) it was relevant conduct for sentencing purposes. As the overall conduct involved 16.60 grams of crack cocaine, Martin's base offense level was 26. The district court sentenced Martin to sixty-three months imprisonment, which was at the bottom of the range for offense level 26.
 
 II.
 
 4
 The Court of Appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact ... unless they are clearly erroneous and shall give due deference in the district court's application of the guidelines to the facts.
 
 
 5
 18 U.S.C. § 3742(e)(4). "To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must ... strike us with the force of a five-week old, unrefrigerated dead fish." United States v. Perry, 908 F.2d 56, 58 (6th Cir.), cert. denied, 111 S.Ct. 565 (1990) (quoting Parts and Electric Motors, Inc. v. Sterling Electric, Inc., 866 F.2d 228, 233 (7th Cir.), cert. denied, 493 U.S. 847 (1989).
 
 III.
 
 6
 As the preponderance of the evidence standard applies at sentencing, the acquittal does not require the sentencing court to ignore Martin's relevant conduct. United States v. Moreno, 933 F.2d 362, 374 (6th Cir.), cert. denied, 112 S.Ct. 265 (1991). "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court ... may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Most of the other circuits have expressly held that sentencing courts may enhance or depart on an acquitted conduct basis. See United States v. Averi, 922 F.2d 765 (11th Cir.1991); United States v. Fonner, 920 F.2d 1330, 1332-1333 (7th Cir.1990); United States v. Rodriguez-Gonzalez, 899 F.2d 177, 180-181 (2d Cir.), cert. denied, 111 S.Ct. 127 (1990); United States v. Dawn, 897 F.2d 1444, 1449-1450 (8th Cir.), cert. denied, 111 S.Ct. 389 (1990); United States v. Mocciola, 891 F.2d 13, 16-17 (1st Cir.1989); United States v. Isom, 886 F.2d 736, 748-749 (4th Cir.1989); United States v. Ryan, 866 F.2d 604, 608-609 (3d Cir.1989). But see United States v. Brady, 928 F.2d 844, 851-852 (9th Cir.1991).
 
 
 7
 Relevant conduct determines the appropriate sentence level. See U.S.S.G. § 2D1.1. Drug quantities, not part of the count of conviction, may be included in determining the base offense level, as long as they are "part of the same course of conduct or common scheme or plan as the offense of conviction." United States v. Robison, 904 F.2d 365, 371 (6th Cir.), cert. denied, 111 S.Ct. 360 (1990) (citing United States v. Smith, 887 F.2d 104, 107 (6th Cir.1989) (quoting U.S.S.G. § 1B1.3(a)(1)); United States v. Ykema, 887 F.2d 697, 700 (6th Cir.1989), cert. denied, 493 U.S. 1062 (1990). The burden of proof to convict at trial is beyond a reasonable doubt. However, at sentencing, it is by a preponderance of the evidence. United States v. Castro, 908 F.2d 85, 90 (6th Cir.1990). While due process entitles a defendant to be treated as innocent, an "[a]cquittal does not have the effect of conclusively establishing the untruth of all of the evidence introduced against the defendant." United States v. Sweig, 454 F.2d 181, 184 (2d Cir.1972) (pre-Guidelines case, but language was later adopted in Isom, 886 F.2d at 738). Thus, the sentencing court may consider such relevant conduct without violating the due process or double jeopardy clauses. United States v. Romulus, 949 F.2d 713, 716-717 (4th Cir.1991), cert. denied, 1992 WL 42167 (April 21, 1992); Rodriguez-Gonzalez, 899 F.2d at 177. Due process is not violated when a sentencing court considers acquitted conduct in determining the base offense level for other criminal conduct. Moreno, 933 F.2d at 374. Furthermore, double jeopardy is not offended when a defendant is indicted for activities previously used to enhance his sentence for a separate offense. United States v. Mack, 938 F.2d 678, 679-680 (6th Cir.1991). Thus, logic dictates that there is no double jeopardy violation when the sentencing court considers acquitted conduct in determining the base offense level for the offense of conviction, as long as it is part of the same course of conduct or a part of the common scheme or plan as the count of conviction. Robison, 904 F.2d at 371.
 
 
 8
 The district court did not clearly err in determining the witnesses' credibility and finding sufficient evidence in concluding by a preponderance of the evidence that Martin possessed the cocaine found underneath him in the bathroom. Perry, 908 F.2d at 58; Moreno, 933 F.2d at 374. Martin's acquitted conduct occurred on November 28, 1988, and his convicted conduct occurred on November 5, 1988. The district court found that the November 5 and 28, 1988, activities were part of the same course of conduct, which was selling crack cocaine. As the district court's determination was not clearly erroneous, United States v. Garner, 940 F.2d 172, 174 (6th Cir.1991), the judgment is AFFIRMED.
 
 
 9
 Order.
 
 
 10
 Oct. 7, 1992.
 
 
 11
 BEFORE: KENNEDY and SILER, Circuit Judges; and JOINER,* Senior United States District Judge.
 
 
 12
 The court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this court, and less than a majority of the judges having favored the suggestion, the petition for rehearing has been referred to the original hearing panel.
 
 
 13
 The panel has further reviewed the petition for rehearing and concludes that the issues raised in the petition were fully considered upon the original submission and decision of the case. Accordingly, the petition is denied.
 
 
 14
 Oct. 16, 1992.
 
 
 15
 MERRITT, Chief Judge, dissenting.
 
 
 16
 I dissent from the failure of our court to grant en banc consideration of this sentencing case. The court has interpreted the guidelines as requiring a sentence to be enhanced for crimes for which the jury has acquitted the defendant. This acquitted conduct must now be used to multiply the sentence if the District Court believes the defendant is guilty by a "preponderance of the evidence" instead of "beyond a reasonable doubt." If the rights of trial by jury, due process and double jeopardy mean anything, they should mean that a defendant may not be sentenced for crimes for which he is acquitted by a jury even if the district judge thinks he is guilty. What good does it do to go through a trial and to be acquitted if one is going to be sentenced for the crime anyway. What good does it do to have the right of trial by jury and the right not to be twice tried for the same offense if those rights are not going to be enforced? Perhaps the Supreme Court will consider these questions in the near future. Defendants are going to jail frequently now for long terms for crimes a jury has found they did not commit.
 
 
 17
 Martin, Circuit Judge, Joins in the foregoing dissent from the denial of the petition for en banc reconsideration.
 
 
 
 *
 The Honorable Charles v. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 *
 Hon. Charles W. Joiner sitting by designation from the Eastern District of Michigan