107 F.3d 13
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jack D. BROCKSMITH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1952.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 19, 1996.*
Decided Jan. 30, 1997.
 
 Before BAUER, FLAUM, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Jack Brocksmith, who is currently serving time on a federal sentence, appeals the denial of his motion for relief pursuant to 28 U.S.C. § 2255. In this appeal Brocksmith challenges the fact that the district judge who presided over his trial and who sentenced him failed to recuse himself from presiding over the § 2255 motion. He also takes issue with most of the substantive rulings that the district court made in deciding the § 2255 motion. We conclude that the judge was not required to recuse himself and affirm the district court's ruling denying Brocksmith's § 2255 motion.
 
 
 2
 We turn first to the issue of recusal. Brocksmith cites 28 U.S.C. §§ 144 and 455(a) as provisions under which Judge Mills should have recused himself. Section 455(a) requires a judge to recuse himself when his presiding over a case would create the appearance of bias. United States v. Troxell, 887 F.2d 830, 833 (7th Cir.1989). The injury that flows from the appearance of bias (as opposed to actual bias) harms the judicial system as a whole but does not affect the substantial rights of the parties to the case. Id. Moreover, once a judge who appears to be biased presides over a case, the harm from the judge's presiding over the case has already been done. Therefore, a party cannot appeal a judge's failure to recuse himself under § 455(a) after the proceeding in question is completed. Rather, in order to challenge a judge's decision under § 455(a), the party must apply for a writ of mandamus immediately following the judge's decision not to recuse himself. United States v. Horton, 98 F.3d 313, 316 (7th Cir.1996). In the instant case, Brocksmith did not immediately appeal the district judge's decision on the § 455 issue. He waited until the judge had ruled on the substantive issue raised in the § 2255 motion. Therefore, Brocksmith waived his right to challenge the judge's decision not to recuse himself under § 455.
 
 
 3
 Section 144 deals with actual bias. In contrast to a judge's decision on a § 455 motion, a party can appeal a judge's failure to recuse himself under § 144 at the same time he appeals the merits of the underlying case. Troxell, 887 F.2d at 833. Brocksmith claimed that the judge must recuse himself because in ruling on the § 2255 motion he would be put in the position of reviewing his own judgments in the original proceeding. Brocksmith also claimed that the judge showed a level of bias meriting disqualification when he called Brocksmith "a world class rat" and told Brocksmith that "[y]ou just aren't worth the powder and lead to blow you to hell." As regards Brocksmith's first reason for claiming bias, 28 U.S.C. § 2255, Rule 4(a) specifically provides for the judge who presided at trial and sentencing to rule on the merits of a § 2255 motion. As such, if we were to conclude that a judge must always disqualify himself from evaluating his previous rulings, we would reach a result that is in direct conflict with Rule 4(a).
 
 
 4
 Regarding Brocksmith's second argument, for a judge to be required to recuse himself due to bias the bias "must stem from an extrajudicial source." Liteky v. United States, 510 U.S. 540, 544 (1994) (quoting United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)); Troxell, 887 F.2d at 834. Moreover, the fact that Judge Mills' view of Brocksmith was formed at a different proceeding (the criminal trial and sentencing) than the one that Brocksmith claims the judge should have been disqualified from (the § 2255 motion) does not change the result. Liteky, 510 U.S. at 551. To be sure, the Supreme Court has stated that the extrajudicial source rule is not absolute. In some cases a judge's "favorable or unfavorable disposition ... even though it springs from the facts adduced or events occurring at trial ... is so extreme as to display the clear inability to render a fair judgment." Id. We conclude, however, that the judge's comments in the present case, while demonstrating an unqualifiedly negative view of Brocksmith, were not so extreme as to indicate that Judge Mills could not fairly adjudicate Brocksmith's § 2255 motion.
 
 
 5
 We now examine the substantive claims that were rejected by the district court in ruling on Brocksmith's § 2255 motion. Brocksmith claims that his counsel was ineffective for failing to raise the argument at trial that the federal government violated the Interstate Agreement on Detainers Act ("IADA"), 18 U.S.C.App. 2. He also argues that the federal government violated his Sixth Amendment right to a speedy trial. Additionally, he argues that both his appellate counsel and trial counsel were generally ineffective. Finally he claims that his trial counsel had a conflict of interest in representing him.
 
 
 6
 Brocksmith first argues that he received ineffective assistance of counsel because his attorney failed to raise an argument based upon the IADA. However, he has failed to show either that his attorney fell below an objective level of performance in not raising the issue or that he suffered prejudice from his counsel's failure to raise this argument. In order to prevail upon an ineffective assistance of counsel claim, Brocksmith would have to show both deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 684 (1984); Sullivan v. Fairman, 819 F.2d 1382, 1388 (7th Cir.1987). The specific provision that Brocksmith claims the federal government violated addresses the situation in which a defendant is imprisoned in one jurisdiction and has a detainer lodged against him by another jurisdiction. In such a case, the jurisdiction that lodged the detainer must bring the defendant to trial within 180 days of when the defendant makes a request that it do so. 18 U.S.C.App 2, art III(a). In the present case, Brocksmith was a pretrial detainee in Illinois when the federal government lodged a detainer against him. Brocksmith did in fact make a request that the federal government bring him to trial within 180 days. However, as the district court correctly noted, the IADA provision that Brocksmith claims was violated does not apply to pretrial detainees. United States v. Roy, 830 F.2d 628, 632-33 (7th Cir.), cert. denied, 484 U.S. 1068 (1987). Because a claim that the IADA was violated would not have had merit, counsel was not deficient in his performance for failing to raise the argument. In addition, Brocksmith suffered no prejudice from counsel's failure to raise this claim.
 
 
 7
 Next we address Brocksmith's claim that both his trial and appellate counsel were generally ineffective. Brocksmith merely makes a general allegation that his attorneys were not effective without explaining the manner in which their performance was inadequate. It is true that in our opinion in Brocksmith's direct appeal we commented upon the fact that his attorney took a broad approach by raising many issues rather than narrowing the case down to those which appeared most likely to succeed. United States v. Brocksmith, 991 F.2d 1363, 1366 (7th Cir.), cert. denied, 114 S.Ct. 569 (1993). While we noted that this is not the best way for an attorney to approach an appeal, counsel's strategy did not fall below a constitutionally mandated level of performance. Moreover, Brocksmith has not explained what actions his trial or appellate counsel did or did not do that prejudiced him. As such, we reject Brocksmith's argument that his trial and appellate counsel were generally ineffective.
 
 
 8
 Brocksmith's next claim is that he was denied his right to a speedy trial as guaranteed by the Sixth Amendment. As part of this argument he claims that his attorneys were not effective because they failed to raise this claim. In that we conclude that there is no merit to the substance of Brocksmith's speedy trial claim, we necessarily reject the ineffectiveness of counsel claim that is dependant upon it. In the present case, the initial delay in the commencement in Brocksmith's federal trial was due to the fact that he was being held in state custody on pending charges. This delay, which lasted from November 1989 until July 1990, was not sufficiently lengthy to trigger Sixth Amendment concerns. See Reed v. Farley, 114 S.Ct. 2291, 2299 (1994) (holding that a state court's commencement of a defendant's trial 54 days after the expiration of the 180-day period provided in the IADA did not violate the defendant's Sixth Amendment right to a speedy trial). Following his release from state custody in July, the delay in the start of Brocksmith's federal trial was due entirely to motions that he made. Therefore, the delay from July 1990 to January 1991 also did not violate Brocksmith's Sixth Amendment right to a speedy trial.
 
 
 9
 Finally we address Brocksmith's claim that his trial attorney had a conflict of interest. We reached this issue and decided it against Brocksmith on direct appeal. Brocksmith, 991 F.2d at 1368. Because Brocksmith does not claim that new facts were discovered or that circumstances have changed since we made this ruling, the district court correctly chose to not revisit it in deciding Brocksmith's § 2255 motion. Belford v. United States, 975 F.2d 310, 313 (7th Cir.1992).
 
 
 10
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)