**Frank L. ROLLEN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 96–3024.

United States District Court, C.D. Illinois, Springfield Division.

Dec. 29, 2000.

---

6. 15(c)(2) Fed.R.Civ.P.

Frank L. Rollen, Marion, IL, petitioner pro se.

Patricia Tomaw, Springfield, IL, for respondent.

## OPINION

RICHARD MILLS, District Judge.

Petitioner seeks relief, pursuant to Federal Rule of Civil Procedure 60(b), Relief from Judgment or Order, from the Court's denial of his § 2255 petition.

However, Petitioner's Rule 60(b) motion is untimely and is nothing more than a transparent attempt to avoid the requirement that he first seek the approval of the United States Court of Appeals before filing a second collateral attack.

Motion denied.

## I. BACKGROUND

On July 29, 1993, Petitioner pleaded guilty to two counts of distribution of crack cocaine in violation of 21 U.S.C. § 841 and to one count of using a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). On August 22, 1994, the Court sentenced Petitioner to 168 months of imprisonment. Specifically, the Court sentenced Petitioner to 108 months on each of his two drug convictions, to run concurrently, and sentenced him to 60 months on his firearm conviction, to run consecutively to his 108 month sentence on his two drug convictions. Petitioner did not appeal either his convictions or his sentence.

On January 31, 1996, Petitioner filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Therein, Petitioner asserted that he was entitled to relief from his convictions and sentence because he received ineffective assistance of counsel, because his plea of guilty was invalid because he was incompetent, illiterate, and did not understand the proceedings, because he was selectively prosecuted, because of the wide disparity in the United States Sentencing Guideline's treatment of crack versus powder cocaine, because the Court incorrectly as-

signed him one additional criminal history point for a conviction for which he was not represented by counsel, and because of the United States Supreme Court's holding in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). On February 14, 1996, the Court denied Petitioner's § 2255 petition *in toto.*

Petitioner has now filed a motion, pursuant to Federal Rule of Civil Procedure 60(b)(2), (4), (5), and (6), seeking relief from the Court's denial of his § 2255 petition. Therein, Petitioner asserts that he is entitled to relief because the Court never ruled upon his Rule 59 motion [1], because the Court erred, as a matter of law, in denying his § 2255 petition for the reasons previously given (and repeated in the instant motion), and because the Court erred, as a matter of law, in denying his § 2255 petition in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Finally, Petitioner asks the Court to recuse itself.

## II. *ANALYSIS*

Initially, the Court notes that it did not deny Petitioner any of his constitutional rights in failing to rule upon his Rule 59 motion because the Court never received his Rule 59 motion. Logic dictates that the Court cannot rule upon a motion which it never receives. *See Brown v. Selsky,* 1997 WL 289162, *8 (N.D.N.Y. May 30, 1997) (noting that "[t]he Court never received a motion for sanctions from plaintiff, and in so far as the Court has never received this motion, it cannot rule upon it."). The Court has verified with the Clerk of the Court that Petitioner's Rule 59 motion was never received, nor was it ever docketed in either his criminal case or in the instant case. *See* Fed.R.Crim.Pro. 36 (providing that "errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.").

Two points are worth mentioning on this issue. *First,* Petitioner did not attach a copy of his Rule 59 motion to the instant motion. Thus, the Court cannot determine (assuming it would consider it) whether his Rule 59 motion had any merit. *Second,* Petitioner has waited almost five years to bring this matter to the Court's attention. Therefore, the Court cannot be held responsible for the delay in resolving any issue(s) which Petitioner wanted to bring to the Court's attention. *See Adams v. Heckler,* 794 F.2d 303, 308 (7th Cir.1986) (noting that given his inaction, "Plaintiff has no one to blame but himself for not receiving a fuller appellate review.").

■ As for Petitioner's instant Rule 60(b) motion, it is untimely. Petitioner has filed his motion pursuant to subsections (2), (4), (5), and (6) of Rule 60(b). Motions filed pursuant to subsection (2) must be filed within one year after the judgment, order, or proceeding being challenged was entered or taken. *Id.* Petitioner's motion, which was filed on December 22, 2000, is well outside of this one year time limit as he is challenging the Court's February 14, 1996 Order.

Motions filed pursuant to subsections (4), (5), and (6) of Rule 60(b) must be filed within "a reasonable time." *Id.* The Court believes that Petitioner's delay of nearly five years before he filed his Rule 60(b) motion is beyond the pale of reasonableness. *See United States v. Deutsch,* 981 F.2d 299, 302 (7th Cir.1992) (holding that a delay of two years was unreasonable); *see also In the Matter of Chicago, Milwaukee, St. Paul & Pac. R.R. Co.,* 974 F.2d 775, 787–88 (7th Cir.1992) (holding that a delay of four years was unreasonable). Accordingly, Petitioner's Rule 60(b) motion is untimely.

Furthermore, Petitioner's Rule 60(b) motion is nothing more than an end run around the second or successive filing prohibition imposed by the Antiterrorism and Effective Death Penalty Act of 1996. As

---

**1.** Petitioner asserts that he mailed his Rule 59 motion to the Court on February 21, 1996.

Petitioner acknowledges, he filed a § 2255 petition on January 31, 1996, which the Court denied in an Order entered February 14, 1996. Pursuant to the Antiterrorism and Effective Death Penalty Act, a would-be petitioner must seek and obtain certification from the United States Court of Appeals for the Seventh Circuit prior to filing a second or successive § 2255 petition. "A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.... A second or successive collateral attack may no more begin in the district court than a criminal prosecution may commence in the court of appeals." *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir.1996) (emphasis in original).

■ Although Petitioner entitles his motion as one brought pursuant to Rule 60(b), it is nothing more than a second or successive § 2255 petition. As the Seventh Circuit has explained:

Just as a second filing may be treated as an initial motion when the first was not eligible for decision on the merits, so additional filings in the first collateral attack may be treated as "second or successive" petitions when the first has reached a final decision. Suppose a collateral attack has been fully adjudicated, a final judgment has been entered, and the time for appeal has expired. The prisoner then files a motion under Fed. R.Civ.P. 60(b) advancing new theories of relief. Such a maneuver is a transparent attempt to avoid the need for prior appellate approval of a second collateral attack, and we concluded in *Burris v. Parke,* 130 F.3d 782, 783 (7th Cir.1997), that it must be seen for what it is and dismissed by the district judge.... Section 2255 ¶ 8 speaks of a second or successive "motion," and § 2244(b) of a second or successive "application"; both a motion under Rule 60(b) and a motion to recall the mandate can fit this description—and must, if these statutes are to

limit multiple efforts to obtain collateral review.... Thus a post-finality motion under Rule 60(b), or a post-finality request to recall the mandate, produces a second countable motion.

*Johnson v. United States,* 196 F.3d 802, 805 (7th Cir.1999). Because Petitioner has not obtained certification from the Seventh Circuit allowing him to file this motion, the Court must dismiss it.

■ Petitioner's reliance upon the United States Supreme Court's holding in *Apprendi* does not change the outcome of his motion. The Seventh Circuit has made clear that *Apprendi* does not constitute a right newly recognized and made retroactively applicable to cases on collateral review by the Supreme Court. *See Talbott v. State of Indiana,* 226 F.3d 866, 869 (7th Cir.2000) (holding that *Apprendi* does not apply retroactively because the Supreme Court did not explicitly state that it did); *see Hernandez v. United States,* 226 F.3d 839, 841 (7th Cir.2000) (same); *see Sustache–Rivera v. United States,* 221 F.3d 8, 15 (1st Cir.2000) (holding that "it is clear that the Supreme Court has not made the [*Apprendi*] rule retroactive to cases on collateral review."); *see also In re Vial,* 115 F.3d 1192, 1197 (4th Cir.1997) (holding that "a new rule of constitutional law has been 'made retroactive to cases on collateral review by the Supreme Court' within the meaning of § 2255 only when the Supreme Court declares the collateral availability of the rule in question, either by explicitly so stating or by applying the rule in a collateral proceeding."); *but see United States v. Murphy,* 109 F.Supp.2d 1059, 1064 (D.Minn.2000) (concluding "that the *Apprendi* decision falls under the second exception to the Tease nonretroactivity principle and must be applied to this section 2255 motion."). Accordingly, Petitioner's reliance upon *Apprendi* does not save his motion from dismissal.

Finally, the Court finds no reason for it to recuse itself from this matter. Although Petitioner does not specify under which statutory provision he is asserting

that the Court should recuse itself, his failure to do so is of no consequence because his claim is insufficient under either recusal statute.

Title 28 U.S.C. § 455(a) requires a judge to recuse himself when his presiding over a case would create the appearance of bias. *United States v. Troxell,* 887 F.2d 830, 833 (7th Cir.1989). Here, the Court has thoroughly reviewed the trial record for any alleged appearance of bias and/or prejudice against Petitioner and can find none.

■ Title 28 U.S.C. § 144 requires a judge to recuse himself when a party makes a claim of actual bias or prejudice against one of the parties. Here, the Court in no way held or now holds any bias or prejudice against Petitioner. For a judge to be required to recuse himself due to actual bias, the bias "must stem from an extrajudicial source." *Liteky v. United States,* 510 U.S. 540, 544, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994), quoting *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966); *Troxell,* 887 F.2d at 834. The Court had no knowledge of Petitioner or his dealings other than that which was revealed in the Court's file and that which was disclosed within the four walls of the courtroom at his change of plea hearing and at his sentencing hearing. Accordingly, the Court finds that Petitioner has failed to show any reason why this Court should recuse itself from considering the instant petition because none exists.

*Ergo,* Petitioner's Rule 60(b) Motion is DENIED.