**Lieu B. HOANG, Plaintiff–Appellant,**

v.

**Jerry L. UMMEL, et al., Defendants–Appellees.**

**No. 01–3039.**

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 14, 2001.*

Decided Dec. 17, 2001.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, KANNE, and DIANE P. WOOD, Circuit Judges.

### ORDER

After losing a state court ejectment proceeding, Lieu Hoang filed a civil rights complaint in federal court against the state court magistrate, state law-enforcement officers, the housing complex from which he was ejected and its managing agency, and a moving company hired to remove his property. The district court dismissed Hoang's complaint for lack of subject matter jurisdiction based on the *Rooker–Feldman* doctrine. Hoang appeals, and we affirm.

Since 1976 Hoang has owned a membership in a cooperative housing corporation known as Jamestown Homes, Inc. In March 2001, Hoang refused to allow Jamestown's maintenance supervisor to inspect his home because, he suspected, Jamestown employees had stolen his property on previous occasions. After this incident the managing agency of Jamestown Homes, PGPM, Inc., filed a complaint for possession against Hoang in state court. In the complaint PGPM alleged that Hoang failed to comply with a provision in the Occupancy Agreement, signed by Hoang in 2000, that required Hoang to allow Jamestown to inspect his property. After a hearing on April 23, the state magistrate entered judgment for PGPM and issued an order directing Hoang to vacate the premises within seven days. Hoang refused to vacate the premises, and instead filed a motion to correct errors in state court. PGPM then filed a writ of restitution to enforce the order to vacate

the property. Five days later sheriffs, acting pursuant to a court order, ejected Hoang and began removing his property with the aid of a moving company, National Moving Systems, Inc. Hoang returned that same day to the state magistrate and filed a motion to stay ejectment until his motion to correct errors could be heard, but the motion to stay was denied.

■ Later that same day, Hoang also filed a four-line complaint in federal court along with an "Emergency Motion for an Order to Stay the State Court's Eviction Order"; the motion was denied several hours later. On May 25, Hoang amended his complaint to allege a variety of constitutional violations. The complaint recited the circumstances leading up to and including the state proceedings, and alleged among other things a conspiracy to arrest him and steal his property "since the eviction order is illegal." The district court dismissed the complaint for lack of subject matter jurisdiction based on the *Rooker–Feldman* doctrine. We review de novo district court dismissals for lack of subject matter jurisdiction. *See Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 554 (7th Cir.1999).

■ The *Rooker–Feldman* doctrine bars parties from challenging state court decisions in federal district or circuit courts. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Durgins v. City of East St. Louis,* 272 F.3d 837, 843 (7th Cir.2001). Parties must instead pursue relief through the state appellate system and, if still aggrieved, seek certiorari from the Supreme Court. *See Durgins,* 272 F.3d 837, 841. The doctrine applies when the plaintiff's alleged injury arises from the state court's judgment itself. *See id.* Moreover, the doctrine applies not only to the claims raised in state court but also to any claims inextricably intertwined with those claims. *See Manley v. City of Chicago,* 236 F.3d 392, 396 (7th Cir.2001). In other words, parties cannot avoid the doctrine's application by cloaking complaints challenging state court decisions in federal civil-rights language. *See id.* at 397–98.

■ This is what Hoang attempts to do here. Hoang's federal complaint essentially asked the district court to review the state magistrate's judgment, and his alleged injury directly results from that judgment. Moreover, Hoang's claims are inextricably intertwined with the state court judgment; if the state proceedings had gone in his favor, the injuries he alleged here would not have occurred. *See Long,* 182 F.3d at 556. Accordingly, the district court properly dismissed Hoang's complaint for lack of subject matter jurisdiction based on the *Rooker–Feldman* doctrine.[1]

■ Hoang also argues that Judge Lee should have recused himself under 28 U.S.C. § 455 because (1) the judge's former law firm represented two of the defendants and (2) a law firm that had represented one of the judge's property investments appeared in previous matters before the state magistrate named as a defendant in this case. A federal judge must disqualify himself "in any proceedings in which his impartiality might rea-

---

1. While we affirm the district court's dismissal of the entire complaint based on the *Rooker–Feldman* doctrine, we note that the district court was also correct in asserting that the state magistrate had absolute immunity from suit, *see Newman v. Indiana,* 129 F.3d 937, 941 (7th Cir.1997), and that the law-enforcement officers had qualified immunity for their actions in enforcing the ejectment order, *see Homola v. McNamara,* 59 F.3d 647, 651 (7th Cir.1995).

sonably be questioned," 28 U.S.C. § 455(a), or "a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter," 28 U.S.C. § 455(b)(2). To the extent Hoang's argument falls under § 455(a), he waived it because he failed to move for recusal until after the district court dismissed the case. *See United States v. Ruzzano,* 247 F.3d 688, 694 (7th Cir.2001) (holding a § 455(a) claim waived even though defendant discovered alleged grounds for recusal after being sentenced). While we do not preclude the possibility that "exceptional circumstances" might excuse a failure to timely seek recusal, Hoang has not demonstrated such circumstances. *See id.* In any event, there is no evidence in the record that the alleged grounds for recusal had any effect on Hoang's case or affected his substantial rights in any way. *See United States v. Troxell,* 887 F.2d 830, 833 (7th Cir.1989).

Our case law is less clear as to whether Hoang can raise a claim of judicial bias under § 455(b) for the first time on appeal. *See United States v. Smith,* 210 F.3d 760, 764 (7th Cir.2000). We need not resolve the issue, however, because Judge Lee was not required to recuse himself. Unlike § 455(a), § 455(b) requires an actual interest or bias on the part of the judge. *See Ruzzano,* 247 F.3d at 696 (discussing § 455(b)(3)). Section 455(b)(2) mandates recusal only where a member of the judge's former law firm worked on the matter while the judge was with the firm. *See* § 455(b)(2); *Veneklase v. City of Fargo,* 236 F.3d 899, 901 (8th Cir.2000). This did not occur here, and Hoang offers no evidence of any actual interest or bias.

Finally, Hoang argues that some of the defendants failed to comply with the notice requirements of *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982). *Lewis* requires that pro se prisoner litigants in a civil case receive notice of the consequences of failing to respond to a motion for summary judgment. *See id.* at 102. These requirements, however, generally do not apply to motions to dismiss. *See Curtis v. Bembenek,* 48 F.3d 281, 288 (7th Cir.1995); *cf. Lewis,* 689 F.2d at 102 (explaining that the requirements apply when affidavits are submitted along with motions to dismiss). In any event, the district court provided Hoang with notice explaining the procedures and consequences of the motions, and Hoang responded to all of the motions.

Accordingly, the judgment of the district court is AFFIRMED.