UNITED STATES of America,
Plaintiff–Appellee,

v.

Ross James PRESTON, Defendant–
Appellant.

No. 93–2195
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 12, 1994.

Terry C. Christian, Tampa, FL, for defendant-appellant.

Monte Richardson, Asst. U.S. Atty., Tamra Phipps, Tampa, FL, for plaintiff-appellee.

Before TJOFLAT, Chief Judge, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Ross James Preston pled guilty to seven counts of armed bank robbery. Counts one through five occurred after November 1, 1987, and were subject to the United States Sentencing Guidelines (Guidelines). Counts six and seven occurred before November 1, 1987, and were not subject to the Guidelines. The district court sentenced Preston to a term of sixty months each for counts one through five, to run concurrently with one another, and to fifteen years each for counts six and seven, to run concurrently with one another but consecutively to the terms for counts one through five. Appellant asserts that sentences imposed under the Guidelines should run concurrently with sentences for pre-Guidelines conduct.[1] We disagree and affirm the sentences imposed by the district court.

---

1. Appellant's assertions that he is entitled to a competency hearing and that he should have

Whether a district court may impose Guidelines sentences to run consecutively to pre-Guidelines sentences is an issue that has not been previously addressed by this circuit. All other circuits which have addressed the issue, however, have held that the decision is within the discretion of the district court. *United States v. Hicks,* 997 F.2d 594, 600 (9th Cir.1993) ("[T]he district court had the discretion to make the defendant's Guidelines and pre-Guidelines counts consecutive. The Guidelines simply have no effect on the district court's treatment of pre-Guidelines counts.") (citations omitted); *United States v. Litchfield,* 959 F.2d 1514, 1524 (10th Cir. 1992) ("[S]entencing courts may impose consecutive sentences if a defendant is convicted of both a pre-sentencing guidelines offense and a post-sentencing guidelines offense, even if the guidelines, had they applied to both offenses, would have required concurrent sentences."); *United States v. Ewings,* 936 F.2d 903, 910 (7th Cir.1991) ("[T]he district court had the discretion to make the defendant's guidelines and pre-guidelines counts consecutive."); *United States v. Lincoln,* 925 F.2d 255, 257 (8th Cir.) ("[W]hile district courts may be guided in their decision by the Sentencing Guidelines, it is not an abuse of discretion to impose consecutive sentences when a defendant stands convicted of related pre-Guidelines and Guidelines offenses—even if the Guidelines would mandate concurrent sentences if both offenses were subject to them."), *cert. denied,* 501 U.S. 1222, 111 S.Ct. 2838, 115 L.Ed.2d 1006 (1991); *United States v. Parks,* 924 F.2d 68, 71 (5th Cir.1991) ("[I]t is within the district court's discretion to order consecutive sentences for pre-Guideline and Guideline convictions even if it uses pre-Guideline conduct in arriving at the Guideline offense level."); *United States v. Watford,* 894 F.2d 665, 669 (4th Cir.1990) ("[T]he sentencing court has unfettered discretion to impose sentences on pre-guidelines counts consecutively or concurrently. And nothing in the guidelines or the Sentencing Reform Act precludes the court from ordering that a sentence imposed on a pre-guidelines count be served consecutively to a sentence imposed on a guidelines count."). *See also, United States v. Pollen,* 978 F.2d 78, 92 (3d Cir., 1992) ("[T]he fact that a defendant is also convicted of Guidelines offenses does not affect a sentencing court's discretion in sentencing on the pre-Guidelines counts."), *cert. denied,* —— U.S. ——, 113 S.Ct. 2332, 124 L.Ed.2d 244 (1993); *United States v. Cutchin,* 956 F.2d 1216, 1219 (D.C.Cir.1992) ("Because the Guidelines are silent on the issue, how a court is to relate a Guidelines sentence to a non-Guidelines sentence is a matter of discretion.").

 We join all other circuits which have addressed this issue and hold that the district court retains the discretion to determine whether sentences imposed for pre- and post-Guidelines offenses should run concurrently or consecutively. The sentences imposed by the district court are

AFFIRMED.

been granted a downward departure based on diminished capacity are without merit.