**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ricardo SCARANO, Defendant–Appellant.**

No. 94–10213.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 1995.

Decided Feb. 20, 1996.

---

Michael H. Murray, Law Offices of Michael H. Murray, Pleasanton, California, for defendant-appellant.

Ross W. Nadel, Assistant United States Attorney, San Francisco, California, for plaintiff-appellee.

Before: WALLACE, Chief Judge, THOMPSON, Circuit Judge, and REA, District Judge *.

REA, District Judge:

Appellant Ricardo Scarano appeals from a judgment and sentence of the district court imposing consecutive terms of incarceration for two counts of mail fraud under 18 U.S.C. § 1341. Scarano contends that the district court's decision to impose the sentences consecutively, rather than concurrently, violated the Double Jeopardy Clause. Alternatively, Scarano contends that the district court's imposition of consecutive sentences violated the Sentencing Guidelines. We have jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

## I.

## BACKGROUND

On August 16, 1990, Appellant Ricardo Scarano entered guilty pleas pursuant to a plea agreement on two counts of mail fraud under 18 U.S.C. § 1341. Count One was a Guidelines count alleging Scarano's fraudulent acquisition of $38,906.00 in disability benefits from the Social Security Administration on May 3, 1990.[1] Count Two was a pre-

---

* The Honorable William J. Rea, United States District Judge for the Central District of California, sitting by designation.

1. The term "Guidelines count" refers to offenses committed after the effective date of the Sentencing Guidelines, November 1, 1987. "Pre-Guide-

lines count" refers to offenses occurring before the effective date of the Guidelines, and to which the Guidelines do not apply. *United States v. Gray*, 876 F.2d 1411, 1418 (9th Cir.1989), *cert. denied*, 495 U.S. 930, 110 S.Ct. 2168, 109 L.Ed.2d 497 (1990).

Guidelines count alleging Scarano's fraudulent acquisition of $102,163.72 in disability benefits from Guardian Life Insurance Company on May 8, 1986. Scarano's plea agreement stipulated that, for the purposes of § 2F1.1(b)(H)(1) of the Sentencing Guidelines, the total loss caused by the offenses exceeded $120,000.00.[2] In addition, the Government stipulated that it would recommend Scarano's sentence be imposed concurrently with sentences imposed in the prior case of *United States v. Scarano*, CR 89–0230–JPV. On June 28, 1991, District Court Judge John Vukasin issued a judgment sentencing appellant Scarano to consecutive terms of 60 months (Count One), and 45 months (Count Two), for a total of 105 months, to run concurrently with the sentence from *United States v. Scarano*, CR 89–0230 JPV.[3] In addition, Judge Vukasin imposed a term of supervised release on Count One to run concurrent with the term of supervised release imposed in the prior case, and ordered restitution to the Social Security Administration in the amount of $38,906.00 and Guardian Life Insurance Co. in the amount of $102,-163.72.

Scarano appealed his sentence to this court. In a panel opinion, we relied on our earlier decision in *United States v. Niven*, 952 F.2d 289 (9th Cir.1991), to vacate the sentence and remanded for resentencing. *United States v. Scarano*, 975 F.2d 580 (9th Cir.1992). In *Niven* we held that a district court aggregating the losses from separate offenses for the purpose of an enhanced Guidelines sentence must impose the sentences concurrently, rather than consecutively, to avoid violating the Double Jeopardy Clause. *Niven*, 952 F.2d at 293. Because the *Scarano* district court had aggregated losses from the pre-Guidelines and Guidelines counts and enhanced Scarano's sentence

on the Guidelines count under U.S.S.G. § 2F1.1 accordingly, the imposition of consecutive sentences for the two counts violated the Double Jeopardy Clause. *Scarano*, 975 F.2d at 586.

On October 8, 1993, after the death of Judge Vukasin, the case was reassigned to U.S. District Judge Eugene Lynch. On April 8, 1994, Judge Lynch resentenced Scarano on remand from this court. On Count One (the Guidelines count), Judge Lynch aggregated the losses for the purposes of U.S.S.G. § 2F1.1 and resentenced Scarano to a 60–month term concurrent to the sentences in the prior case (in addition to a three-year term of supervised release and the same restitution previously ordered by Judge Vukasin).[4] On Count Two (the pre-Guidelines count), Judge Lynch resentenced Scarano to a 26–month term of imprisonment to run *consecutively* to the 60–month term for Count One, and concurrently to the sentences imposed in the prior case.

In deciding to impose the Count Two sentence consecutively to the Count One sentence, Judge Lynch specified that

> I'm doing this not because they combine the losses in the Guidelines count but because of his lengthy criminal—lengthy history of criminal conduct, including numerous arrests, and because there's serious questions as to whether he's truly showed any kind of reformation.

In a later written order denying appellant's 28 U.S.C. § 2255 motion to have the sentences corrected so as to run concurrently, the district court clarified that "[i]n sentencing Scarano to consecutive sentences … it was not so sentencing him on the basis of an aggregation of the economic losses on the old law and the new law counts."

---

**2.** U.S.S.G. § 2F1.1(b)(H)(1) prescribes the applicable offense level increase for cases of fraud and deceit involving losses greater than $120,000.

**3.** The June 28, 1991 sentencing modified Judge Vukasin's earlier sentencing of appellant on February 14, 1991, to 60 months on Count One and 51 months on Count Two. The Court changed its sentence on Count Two to 45 months to make the sentence run precisely concurrent to that imposed in the prior case.

**4.** On Count One, Judge Lynch found an offense level of 22, Criminal History Category IV, and that Scarano received no credit for acceptance of responsibility. Judge Lynch found that the Guidelines required a sentence of between 63 and 78 months. As the maximum term for Count One was only 60 months, the district court imposed 60 months on that count.

Appellant Scarano brings the instant appeal from the sentence imposed by the district court on remand from this court. He contends that: 1) the district court's imposition of consecutive sentences was contrary to this court's decision in *Niven* and violated the Double Jeopardy Clause; and 2) the district court's imposition of consecutive sentences, even if not constituting double jeopardy, was nonetheless improper under the Guidelines. Scarano requests that this court either: 1) order that the Count Two pre-Guidelines sentence run concurrently with the Count One Guidelines term (now expired); or 2) order that the Count Two pre-Guidelines sentence be reduced from 26 months to eighteen months (the difference between the 60–month statutory limit on Count One and the top of the 63–78 month Guidelines range computed by the district court after aggregating losses from both counts).

## II.

### STANDARDS OF REVIEW

■ We review double jeopardy claims *de novo. United States v. Blount,* 34 F.3d 865, 867 (9th Cir.1994); *United States v. Jernigan,* 60 F.3d 562, 563 (9th Cir.1995). A district court's application of the Sentencing Guidelines is also reviewed *de novo. United States v. Kienenberger,* 13 F.3d 1354, 1356 (9th Cir.1994); *United States v. Fagan,* 996 F.2d 1009, 1017 (9th Cir.1993). We review a district court's decision to impose Guidelines and pre-Guidelines sentences consecutively for abuse of discretion. See *United States v. Hicks,* 997 F.2d 594, 600 (9th Cir.1993).

## III.

### DISCUSSION

A. *Double Jeopardy and Niven*

■ The Double Jeopardy Clause affords a defendant three basic protections: 1) protection against a second prosecution for the same offense after acquittal; 2) protection against a second prosecution for the same offense after conviction; and 3) protection against multiple punishments for the same offense. *Jones v. Thomas,* 491 U.S.

376, 379–81, 109 S.Ct. 2522, 2525, 105 L.Ed.2d 322, *reh'g denied,* 492 U.S. 932, 110 S.Ct. 12, 106 L.Ed.2d 627 (1989); *Gray v. Lewis,* 881 F.2d 821, 822 (9th Cir.), *cert. denied,* 493 U.S. 996, 110 S.Ct. 549, 107 L.Ed.2d 546 (1989). Legislative intent defines the scope of "punishment," and once Congress has prescribed the appropriate punishment for an offense, the government may not impose the penalty on the accused more than once. *See Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977) (stating that "the legislature remains free under the Double Jeopardy Clause to define crimes and fix punishments; but once the legislature has acted courts may not impose more than one punishment for the same offense...."); *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983) (stating that "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended").

In the sentencing context, we have previously concluded that double jeopardy concerns are implicated when a district court considers pre-Guidelines loss for a pre-Guidelines sentence and then counts the same loss again in calculating a Guidelines sentence. *See Niven,* 952 F.2d 289. In *Niven,* we expressed doubt that a sentencing court should aggregate losses among pre- and post-Guidelines offenses at all, and recommended that the losses be apportioned so that pre-Guidelines offense losses do not influence the sentencing on Guidelines offenses. *Id.* at 294. If the sentencing court chooses to aggregate losses, *Niven* suggested that the sentences should be imposed concurrently, rather than consecutively, to prevent multiple punishments for the same offense. *See id.; see also United States v. Caterino,* 29 F.3d 1390, 1396 (9th Cir.1994) (interpreting *Niven* and concluding that where losses between pre- and post-Guidelines offenses are not apportioned, consecutive sentences offend the Double Jeopardy Clause).

Our decision in *Niven* has been criticized by at least one other circuit as having overstated the narrow purpose of the Double Jeopardy Clause, i.e., simply to protect the

defendant from receiving a sentence in excess of the statutory maximum penalty.[5] *E.g., United States v. Morgano,* 39 F.3d 1358, 1368 (7th Cir.1994), *cert. denied,* — U.S. —, 115 S.Ct. 2559, 132 L.Ed.2d 813 (1995) (suggesting that *Niven*'s reasoning may be "suspect" and may ignore well-established doctrine). A number of circuits have considered the related question of whether subsequent prosecution for offenses used as a basis for previous sentence enhancements constitutes double jeopardy. These courts have not adopted the *Niven* rationale and have concluded that sentence enhancement based on consideration of other offenses does not constitute additional "punishment" for those offenses.[6] The Second and Tenth Circuits, however, have held that the "punishment" component of the Double Jeopardy Clause may be violated when relevant conduct that was used to increase a Guidelines sentence is then used as a basis for a later conviction and sentence, even if the second sentence runs concurrently with the first.[7]

We must recognize that the law has undergone a significant change since our decision in *Niven.* Both parties in this case agree that precedential force of our holding in *Niven* has been severely undercut, if not eliminated, by the Supreme Court's recent decision in *Witte v. United States,* — U.S. —, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995), and our own subsequent opinion in *United States v. Jernigan,* 60 F.3d 562 (9th Cir.1995). Al-

though neither of those opinions expressly overrules *Niven,* we must now revisit the double jeopardy issue to determine whether any remnant of our *Niven* analysis survives.

In *Witte,* decided June 14, 1995, the Supreme Court resolved the conflict among the circuits noted above, and held that the use of relevant conduct to increase the punishment for a charged offense within statutory limits does not "punish" the offender for the relevant conduct under the double jeopardy standard. *Witte,* — U.S. —, 115 S.Ct. at 2204. In *Witte,* the petitioner was originally convicted and sentenced for marijuana dealing. In sentencing him for the offense, the district court took into account other "relevant conduct," including the defendant's cocaine dealing, and arrived at a Guidelines sentencing range that took into account the aggregated quantities of drugs involved in both the marijuana offense and the yet-uncharged cocaine offense. *Id.* at —, 115 S.Ct. at 2203. The sentence arrived at by the district court on the marijuana charge was greater than it would have been had only the marijuana been considered, but it was still within the range authorized by statute for that crime. *Id.* at —, 115 S.Ct. at 2206. When the petitioner was subsequently indicted for the cocaine dealing, he brought a motion to dismiss the indictment on double jeopardy grounds, which the district court granted. *Id.* at ——-—, 115 S.Ct. at 2203–04. The Fifth Circuit reversed, holding

---

**5.** Our own decisions have recognized that we refer to Congressional intent on the issue of whether multiple punishment violates the Double Jeopardy Clause. "Multiple penalties for a single criminal transaction are not necessarily impermissible where Congress manifests its intent that enhancement of penalties is proper." *United States v. Sanchez–Lopez,* 879 F.2d 541, 559 (9th Cir.1989); *see also United States v. Blocker,* 802 F.2d 1102, 1105 (9th Cir.1986).

**6.** *See United States v. Mack,* 938 F.2d 678 (6th Cir.1991) (holding that enhanced sentence due to consideration of prior conviction does not constitute a "second punishment" for that offense); *United States v. Troxell,* 887 F.2d 830 (7th Cir. 1989) (holding no double jeopardy violation in indictment of defendant for failure to appear charge that was taken into consideration in previous sentencing for cocaine distribution); *United States v. Garcia,* 919 F.2d 881 (3d Cir.1990) (holding no double jeopardy violation in prosecu-

tion for charges taken into consideration for upper-end Guidelines sentence in earlier proceeding); *Sekou v. Blackburn,* 796 F.2d 108 (5th Cir.1986) (holding no double jeopardy violation in prosecution for felony-murder after murder had been considered an aggravating circumstance in earlier armed robbery sentence); *United States v. Nyhuis,* 8 F.3d 731 (11th Cir.1993), *reh'g. denied,* 15 F.3d 1099 (11th Cir.1994), *cert. denied,* — U.S. —, 115 S.Ct. 56, 130 L.Ed.2d 15 (1994) (following other circuits and holding that Double Jeopardy Clause does not bar prosecution and punishment for criminal conduct that has already been considered and used as the basis for a sentence enhancement in an earlier prosecution).

**7.** *United States v. Koonce,* 945 F.2d 1145, 1149–54 (10th Cir.1991), *cert. denied,* 503 U.S. 994, 112 S.Ct. 1695, 118 L.Ed.2d 406 (1992); *United States v. McCormick,* 992 F.2d 437, 439–41 (2d Cir.1993).

that the use of relevant conduct to increase the punishment of a charged offense does not punish the offender for the relevant conduct. *United States v. Wittie* [sic], 25 F.3d 250 (5th Cir.1994); *Witte,* —— U.S. at ——, 115 S.Ct. at 2204.

The Supreme Court affirmed. The Court held that Witte's second prosecution for cocaine dealing did not violate the Double Jeopardy Clause because his previous sentence did not constitute "punishment" for that offense. *Witte,* —— U.S. at ——, 115 S.Ct. at 2207. The *Witte* Court reviewed its prior cases and found that, since the case of *Williams v. Oklahoma,* 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516, *reh'g denied,* 359 U.S. 956, 79 S.Ct. 737, 3 L.Ed.2d 763 (1959), it has been established law that the use of related criminal conduct to enhance the punishment for a separate crime within statutory limits does not constitute punishment for the related conduct. *Witte,* —— U.S. at —— - ——, 115 S.Ct. at 2205–06. The Court thus concluded that where consideration of uncharged conduct yields a sentence that is within the statutorily authorized punishment range, the defendant is "punished" only for the offense of which he is convicted.[8] *Id.* at ——, 115 S.Ct. at 2204.

Although *Witte* addressed claims of multiple prosecutions, we recognized the import of its holding for claims of multiple punishments in *United States v. Jernigan,* 60 F.3d at 564. In *Jernigan,* the defendant failed to appear at trial for counterfeiting and conspiracy charges. At the time of sentencing for those charges, the district court took the defendant's failure to appear into account as "obstruction of justice" and enhanced his sentence by two levels under Guidelines

§ 3C1.1.[9] At a later point, the defendant was separately indicted for failure to appear, pled guilty, and was sentenced to a consecutive term on that charge. *Jernigan,* 60 F.3d 562. The district court ascertained the appropriate Guidelines range for the two offenses by treating them as if they had been joined in a single trial and grouped for sentencing. *Id.*

In *Jernigan,* we recognized the essence of the *Witte* decision in its characterization of an enhanced sentence within the maximum authorized range as punishment only for the "offense of conviction." *Id.* at 564–65. Relying on *Witte,* we concluded that the subsequent imposition of a consecutive sentence for Jernigan's failure-to-appear offense was not a double jeopardy violation where that offense had been taken into account for previous sentencing on the counterfeit and conspiracy charges, and where Jernigan's sentence for those offenses was within the statutory maximum limits. *Id.; accord United States v. Bellrichard,* 62 F.3d 1046 (8th Cir.1995).

■ Here, we confront essentially the same situation. The district court chose to aggregate the losses for both mail fraud counts and arrived at a Guidelines sentence range of 63 to 78 months. Under 18 U.S.C. § 1341, the statutory maximum sentence for Scarano's mail fraud offense was five years, or 60 months. 18 U.S.C. § 1341. As a result, the district court imposed a Count One sentence of only 60 months. Applying the *Witte* analysis, Scarano's sentence on Count One constituted punishment only for that count, since it was within the statutory maximum. The consecutive 26-month sentence

---

**8.** The Supreme Court rejected the argument that the advent of the Sentencing Guidelines had somehow changed the constitutional analysis, noting that the Guidelines merely make the sentencing process more transparent:

> [a] defendant has not been 'punished' any more for double jeopardy purposes when relevant conduct is included in the calculation of his offense level under the Guidelines than when a pre-Guidelines court, in its discretion, took similar uncharged conduct into account. *Witte,* —— U.S. at——, 115 S.Ct. at 2207. As we have previously suggested, the Sentencing Guidelines are "not a separate statutory provision of penalties" but are merely intended to provide a

narrow sentence range within the range authorized by statute for the offense of conviction. *Sanchez–Lopez,* 879 F.2d at 559. Thus, the method of sentence calculation under the Guidelines generally does not create double jeopardy problems where the resulting sentence is statutorily sanctioned by Congress. *Id.*

**9.** U.S.S.G. § 3C1.1 provides for an offense level increase of 2 where a defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense...."

the district court imposed on Count Two therefore cannot be said to have constituted a "second" punishment for the offense of that count.

In light of *Witte* and *Jernigan,* Scarano's moving papers essentially abandon the double jeopardy claim. Scarano acknowledges that the Supreme Court and this court, while not explicitly overruling *Niven,* appear to have nullified its precedential effect *sub silentio.* Without *Niven,* Scarano's claim that the district court was required under the Double Jeopardy Clause to impose concurrent sentences clearly does not survive.

At oral argument, however, Scarano attempted to resuscitate both *Niven* and his double jeopardy claim by asserting that *Witte* and *Jernigan* are factually distinguishable from *Niven* and the present case. He points out that, in both *Witte* and *Jernigan,* the courts addressed the situation of an enhanced sentence for offense(s) of conviction, followed by subsequent prosecution and/or sentencing for offenses already taken into account to produce the earlier enhanced sentence; in sum, separate proceedings. Scarano points out that *Niven,* however, involved sentencing on pre-Guidelines and Guidelines offenses in the *same* proceeding, as occurred in this case. *Niven,* 952 F.2d at 291. He contends that the distinction between sentencing in the same and separate proceedings is significant enough to preserve *Niven*'s holding where sentencing occurs in one proceeding.

We are unable to find any principled basis to distinguish *Witte* and *Jernigan* from *Niven* and the present case according to Scarano's argument. All of those cases involve defendants who incurred 1) enhanced sentencing on one offense due to consideration of relevant conduct offense(s) and 2) prosecution and/or sentencing on the relevant conduct offense(s) as well. *Witte* and *Jernigan* make clear that, where district courts under those circumstances do not impose enhanced sentences in excess of the statutory maximums, no double jeopardy claim can arise. We did not indicate in *Niven* that our holding was based on the fact that sentencing occurred in the same proceeding, and in fact implied that we analyzed the sentences themselves as separate and therefore indistinguishable from sentences in successive proceedings. *See id.* at 294 (stating that "[t]he threshold issue of whether a court can calculate an offense level for a Guidelines count by using losses for which the defendant has *already been sentenced* is a legal question that does not involve any discretion") (emphasis added). We are unable to discern why dual sentencing in the same proceeding and sentencing in separate proceedings should present different questions for our analysis.

Despite Scarano's urging to the contrary, we must recognize that *Witte* and *Jernigan* overrule our earlier decisions in, *inter alia, Niven, Caterino,* and *Scarano.* Enhancement of a sentence based on relevant conduct offenses, where the resulting sentence for the offense of conviction is within the statutory maximum, does not constitute "punishment" for the relevant conduct within the meaning of the Double Jeopardy Clause. On this basis, we reject Scarano's double jeopardy claim.

**B.** *Consecutive Sentences for Pre– and Post–Guidelines Offenses*

■ Scarano makes the alternative argument that, even if double jeopardy considerations do not militate against consecutive sentences in this case, proper application of the Sentencing Guidelines does. He contends that, had Counts One and Two both been Guidelines offenses (rather than only Count One), the district court would have been required to group the counts for sentencing, citing U.S.S.G. § 3D1.1(a)(1). Under that provision, where a defendant has been convicted of more than one Guidelines count, the court groups the counts resulting in conviction into "Groups of Closely Related Counts," U.S.S.G. § 3D1.1(a)(1). The offense level applicable to the "Groups" is determined by the aggregate economic loss. U.S.S.G. § 3D1.3(b). Under U.S.S.G. § 5G1.2(c) covering sentencing on multiple counts of conviction,

if the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run con-

currently, except to the extent otherwise required by law.

U.S.S.G. § 5G1.2(c).

Scarano argues that the district court's aggregation of economic losses from Count One and Count Two in the loss calculation for Count One effectively treated the pre-Guidelines Count Two as if it were a Guidelines count. Scarano believes in essence that he is entitled to treatment of Count One and Count Two as though they were a "Group of Closely Related Counts" under the Guidelines. If we were to agree, the Guidelines would presumably require that Scarano's sentences be ordered to run concurrently, rather than consecutively. The Guidelines "generally eschew consecutive sentences except where necessary to implement the applicable guideline range." *Hicks*, 997 F.2d at 600.

■ We are unpersuaded by Scarano's argument that the district court's aggregation of economic loss required that it treat the pre-Guidelines count as a Guidelines count and impose concurrent sentences.[10] The Guidelines apply only to offenses committed after November 1, 1987, and thus have no effect on a district court's sentencing on counts committed before that date. *Hicks*, 997 F.2d at 599–600. In addition, this and other courts have approved the consideration of economic loss from a pre-Guidelines count as "relevant conduct" in calculating the sentence for a Guidelines count.[11] *Scarano*, 975 F.2d 580; *accord United States v. Parks*, 924 F.2d 68 (5th Cir.1991); *United States v. Watford*, 894 F.2d 665, 668 n. 2 (4th Cir.1990).

Nothing in the Guidelines requires or even suggests that the consideration of pre-Guidelines relevant conduct transforms such conduct into Guidelines conduct for the purposes of sentencing, and Scarano offers no authori-

ty to support this proposition. On the contrary, other courts have confirmed that it does not. *Watford*, 894 F.2d 665 (noting in dicta that sentencing court should have aggregated economic loss between pre-Guidelines and Guidelines counts and that this would not require application of Guidelines to pre-Guidelines count); *accord United States v. Hershberger*, 962 F.2d 1548, 1551 (10th Cir.1992); *see also Parks*, 924 F.2d 68 (finding that district court could impose consecutive sentences on pre-Guidelines and Guidelines counts despite having aggregated the losses for Guidelines sentence).

■ Further, we have already held that a district court may order that sentences run consecutively upon conviction of Guidelines and pre-Guidelines counts. *E.g., Hicks*, 997 F.2d at 599. Where a defendant is convicted of both Guidelines and pre-Guidelines offenses, U.S.S.G. § 5G1.2 does not apply to the earlier offense and district courts have discretion to impose either consecutive or concurrent sentences. *See id.; United States v. Preston*, 28 F.3d 1098, 1099 (11th Cir.1994); *United States v. Pollen*, 978 F.2d 78, 91–92 (3d Cir.1992), *cert. denied*, 508 U.S. 906, 113 S.Ct. 2332, 124 L.Ed.2d 244 (1993); *Hershberger*, 962 F.2d at 1550–52; *United States v. Ewings*, 936 F.2d 903, 910 (7th Cir.1991); *United States v. Lincoln*, 925 F.2d 255, 256–57 (8th Cir.), *cert. denied*, 501 U.S. 1222, 111 S.Ct. 2838, 115 L.Ed.2d 1006 (1991); *United States v. Garcia*, 903 F.2d 1022, 1025–26 (5th Cir.), *cert. denied*, 498 U.S. 948, 111 S.Ct. 364, 112 L.Ed.2d 327 (1990); *Watford*, 894 F.2d at 668–670.

■ The exercise of discretion in ordering consecutive sentences on Guidelines and pre-Guidelines counts requires the district court to take heed of factors enumerated in 18 U.S.C. § 3553(a). *See* 18 U.S.C.

---

10. We note that Scarano himself stipulated in the plea agreement presented to the district court that, for the purposes of § 2F1.1(b) of the Guidelines, the total loss for the two Counts exceeded $120,000.00. In addition, the plea agreement states that "[t]he parties understand that the federal Sentencing Guidelines ... apply to count one of the Superseding Information, but do not apply to count two."

11. On Scarano's previous appeal to this court, we found that the district court's initial aggregation of losses to determine the base offense level on Count One was proper. As there was no dispute that the losses associated with counts one and two arose out of a common scheme or plan, the district court was required to take into account all losses associated with both counts when determining the appropriate offense level under U.S.S.G. § 2F1.1(b). *Scarano*, 975 F.2d at 584.

§ 3584(b); *United States v. Litchfield,* 959 F.2d 1514, 1524 (10th Cir.1992). Those factors include: 1) the nature and circumstances of the offense; 2) the history and characteristics of the defendant; 3) the need for deterrence; and 4) the available sentences and appropriate Guidelines sentence range. 18 U.S.C. § 3553(a). The record indicates that the district court imposed consecutive sentences based on its concern about Scarano's lengthy criminal history and his lack of reformation. These are relevant factors under § 3553(a). *See United States v. Brown,* 920 F.2d 1212 (5th Cir.), *cert. denied,* 500 U.S. 925, 111 S.Ct. 2034, 114 L.Ed.2d 119 (1991) (upholding consecutive sentences where district court found that defendant was a dangerous recidivist who should receive the maximum penalty of the law); *Litchfield,* 959 F.2d at 1524 (upholding consecutive sentences where district court was concerned with defendant's key role in crimes and the probability of recidivism). The district court's decision to sentence Scarano to consecutive sentences on the pre-Guidelines and Guidelines offenses was a proper exercise of discretion and we will not overturn it.[12]

■ Scarano urges upon us an alternative to ordering consecutive sentences. He argues that this court should reduce his consecutive sentence on Count Two from 26 months to eighteen months, so that the total term for the consecutive sentences will be within the Guidelines range maximum of 78 months computed by the district court by aggregating the losses on both counts.[13] Scarano argues that his consecutive sentences, totalling 86 months, exceed the Guidelines range maximum and points to this court's analysis in *Jernigan* to support the remedy he suggests. For the following reasons, however, this argument lacks merit.

In *Jernigan,* we reviewed *de novo* the district court's application of the Sentencing Guidelines. *Jernigan,* 60 F.3d at 563–64. The district court in *Jernigan* had found an offense level of 28 for the counterfeit and conspiracy convictions, based on consideration of the then-uncharged "failure to appear" offense, yielding a sentencing range of 87–108 months. *Id.* at 563–64. The district court then sentenced the defendant to concurrent 100–month sentences on the counterfeit and conspiracy charges. *Id.* at 564. After a later conviction on the failure to appear charge, the district court sentenced the defendant to a consecutive five months, giving a total term of 105 months. *Id.*

We stated in *Jernigan* that, in imposing separate sentences under the Guidelines, the district court was required to "approximate the sentence that would have been imposed had all the sentences been imposed at the same time." *Id.* Thus, the maximum allowable period for the consecutive sentences was 108 months. Because the total 105–month term was within the range, we held that the consecutive sentences were proper. *Id.* Relying on *Jernigan,* Scarano argues in essence

---

**12.** Scarano also proposes U.S.S.G. § 5G1.3 as authority for his argument for concurrent sentences. Section 5G1.3 provides that where a defendant is serving an undischarged term of imprisonment resulting from offenses that have been fully taken into account as relevant conduct in the determination of the offense level for the instant offense, the sentence for the instant offense will run concurrently to the undischarged term. U.S.S.G. § 5G1.3(b).

Scarano's suggestion that we should apply § 5G1.3(b) to the instant case is also unpersuasive. First, § 5G1.3 applies to sentencing on Guidelines counts. Our discussion in the text, *supra,* establishes that Scarano's pre-Guidelines count does not fall within its purview.

Second, § 5G1.3 applies to sentencing in separate proceedings. *E.g., Jernigan,* 60 F.3d at 564 (noting that § 5G1.3 applies where the sentences are not imposed at the same time). The purpose of that section is to achieve some coordination of sentences imposed in separate prosecutions so that the punishments will approximate the total Guidelines penalty that would have been imposed had all the offenses been prosecuted in a single proceeding. *Witte,* — U.S. at ——, 115 S.Ct. at 2208 (citing U.S.S.G. § 5G1.3, comment, n. 3). Here, Scarano was sentenced on both counts in the same proceeding.

Although whether sentences are imposed in the same or separate proceedings does not affect our double jeopardy analysis, we recognize that this is not necessarily true for the Sentencing Guidelines. The Guidelines may require concurrent sentences even where the Double Jeopardy Clause does not. *See id.* at ————, 115 S.Ct. at 2208–2209 (noting that the Guidelines contain safeguards against a defendant having the length of a sentence multiplied by duplicative consideration of the same criminal conduct).

**13.** This total would consist of 60 months for Count One plus eighteen months for Count Two.

1480

that his total term of incarceration could not be greater than the maximum sentence range of 78 months found by the district court here in its application of the Guidelines.

Scarano's argument, however, misreads *Jernigan* by failing to recognize the difference between sentencing on Guidelines counts and sentencing on pre-Guidelines counts. In *Jernigan,* we dealt only with counts covered by the Guidelines, and thus adjusting the overall sentence for the multiple counts to fit within the Guidelines range maximum was appropriate. As stated above, however, the Sentencing Guidelines do not apply to pre-Guidelines offenses. Consequently, the district court was not required to adjust the pre-Guidelines Count Two sentence to fit within the Guidelines range maximum. We therefore cannot accept Scarano's argument that his total sentence should be limited to 78 months.

## IV.

## CONCLUSION

The judgment and sentence of the district court are AFFIRMED.