105 F.3d 659
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Joseph BLUMENFELD, Sr., Defendant-Appellant.
 No. 95-5876.
 United States Court of Appeals, Sixth Circuit.
 Jan. 2, 1997.
 
 Before: CONTIE, SUHRHEINRICH, and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Edward Joseph Blumenfeld, Sr., appeals the length of his sentence and the terms of his court-ordered restitution. We affirm.
 
 I.
 
 2
 Edward Joseph Blumenfeld, Sr., ("Blumenfeld") sold "working interests" in oil wells to the public. On May 7, 1992, Blumenfeld and others were named in a 118-count indictment alleging one count of conspiracy and 117 counts of wire and mail fraud. Blumenfeld was charged in the first 113 counts.
 
 
 3
 According to the indictment, the defendants persuaded individuals to invest in virtually worthless oil wells that were abandoned as unproductive years earlier by telling the prospective investors that they were "possible past interest holders" in the wells. On June 28, 1993, a jury found Blumenfeld guilty of the following counts: 1-17, 24-33, 38-54, 59-63, 65-77, 84-89, 93-100 and 113. On November 2, 1993, the district court sentenced Blumenfeld to a sixty month term of imprisonment on the pre-guideline counts, and a seventy-one month term on the guideline counts, the sentences to run concurrently. The district court also order Blumenfeld to pay $350,000 restitution.
 
 
 4
 On February 21, 1995, the Sixth Circuit affirmed Blumenfeld's convictions but vacated his sentence:
 
 
 5
 Blumenfeld ... challenges the two-point upward adjustment to his sentence under U.S.S.G. § 3A1.1 for preying on vulnerable victims. The district court concluded that the enhancement was proper, finding that many of the victims were older persons with diminished capacities, and that defendants had specific knowledge of this fact through their contacts with several of the victims. Defendants argue that because they did not "target" vulnerable victims, merely sophisticated oil investors, their conduct does not qualify for enhancement under § 3A1.1.
 
 
 6
 [T]here is no evidence that defendants selected their victims because of their age. Rather, the record reflects that the victims were chosen because they had previously invested money in oil-related investments.
 
 
 7
 [Because] "any correlation between ... potential vulnerabilities and the fraudulent scheme ... was more coincidental than intentional[,]" the district court's decision to increase Blumenfeld's ... base offense level under the victim vulnerability provision was clearly erroneous.
 
 
 8
 United States v. Graham, 51 F.3d 273 (6th Cir.1995) (unpublished) (citations and footnote omitted).
 
 
 9
 Following remand, the district court sentenced Blumenfeld to a fifty-seven month term of imprisonment on the guideline counts, and a sixty month term of imprisonment on the pre-guideline counts, the sentences to run concurrently. Though Blumenfeld was ordered to pay restitution in the amount of $350,000 once again, the district court imposed new payment terms. Specifically, the district court ordered that Blumenfeld's payments equal or exceed ten percent of his gross income.
 
 
 10
 On June 6, 1995, Blumenfeld filed his timely notice of appeal.
 
 II.
 Length of Sentence
 
 11
 On appeal, Blumenfeld asserts that the district court abused its discretion by sentencing him to fifty-seven month and sixty month concurrent sentences:
 
 
 12
 The Defendant respectfully submits that it was an abuse of discretion for the District Court Judge to impose the maximum sixty (60) month sentence ... for the pre-guideline counts of the indictment. The District Court Judge sentenced the Defendant to fifty-seven (57) months on the guideline counts of the indictment which was the maximum within the applicable guideline range. In computing the applicable guideline range, the value of the loss incurred by the Defendant's [pre-guideline] activity was included. Accordingly, the effect of imposing a sixty (60) month sentence on the pre-guideline counts is tantamount to an upward departure on the guideline counts.
 
 
 13
 Appellant's Brief at 10. In response, the United States asserts that not only may pre-guideline conduct be included in the computation of a guideline sentence, but the district court retains broad discretion in imposing the pre-guideline sentence, including discretion to impose the maximum sentence allowed by statute. See Appellee's Brief at 5-8.
 
 
 14
 Blumenfeld's contention that the sixty month sentence constituted an upward departure is without merit. At resentencing, the district court did not increase the amount of the previously-imposed pre-guideline sentence to compensate for this court's reduction of the guideline range. Instead, the district court merely reimposed the same sentence. The court again imposed the maximum allowable sentence for both the pre-guideline and the guideline offenses; the fact that the maximum terms were not identical is irrelevant.
 
 
 15
 Even though pre-guideline conduct was considered in calculating the range under the guidelines, there is no legal support for Blumenfeld's argument that the pre-guideline sentence should not exceed the length of the guideline range. The sentencing range under the guidelines does not apply even to the sum of consecutive guideline and pre-guideline sentences. See United States v. Scarano, 76 F.3d 1471 (9th Cir.1996) (refusing to cap the combined length of consecutive pre-guideline and guideline sentences at the upper limit of the guideline range, even though the court had aggregated the economic losses from all conduct in calculating the guideline range). Here, the inapplicability of the guideline range to a concurrent pre-guideline sentence is even more clear.
 
 
 16
 Because Blumenfeld's pre-guideline sentence need not fit within the sentencing range under the guidelines, we reject Blumenfeld's first assignment of error.
 
 Restitution
 
 17
 Following remand, the district court ordered Blumenfeld to pay $350,000 restitution, and ordered that his payments equal or exceed ten percent of his gross income. On appeal, Blumenfeld asserts:
 
 
 18
 [I]t was an error for the District Court Judge to impose a requirement that the Defendant make restitution by paying ten percent (10%) of his gross income. The Defendant has received a sixty (60) month sentence; it is only speculation and conjecture what the Defendant's income will be upon his release from prison. The Court must base its restitution order on a schedule that the Defendant can be expected to meet. The Court's across-the-board policy of requiring a minimum of ten percent (10%) of gross income is, therefore, inappropriate because it is not based on any evidence relevant to the statutory factors set out in 18 U.S.C. § 3664.
 
 
 19
 Appellant's Brief at 10-11. In response, the United States asserts: "Because the district court, when ordering restitution, took into account the statutory considerations of 18 U.S.C. § 3664, it did not err in ordering that restitution be payable at a minimum of ten percent (10%) of gross income per pay period according to a pay schedule determined by the probation office." Appellee's Brief at 9.
 
 
 20
 Though the burden of proving a victim's loss is on the government, "[t]he burden of demonstrating the financial resources of the defendant and the financial needs of the defendant and such defendant's dependents shall be on the defendant." 18 U.S.C. § 3664(d). In determining whether to order restitution and the amount to be repaid, the court must consider "the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. § 3664(a). See also United States v. Allison, 59 F.3d 43, 47 (6th Cir.) ("a sentencing court is not required to make factual findings regarding a defendant's ability to pay because ability to pay is only one factor to consider when ordering restitution"), cert. denied, 116 S.Ct. 548 (1995). Moreover, a district court may order restitution notwithstanding its finding that the defendant cannot pay a fine if the court finds that the defendant has a substantial probability of earning future income. See, e.g., United States v. Bondurant, 39 F.3d 665, 668 (6th Cir.1994) (restitution ordered because of the defendant's intelligence, education, and employment record). See also United States v. Purther, 823 F.2d 965, 969 (6th Cir.1987) ("[T]he court has very broad discretion in setting the terms of the restitution order.").
 
 
 21
 Though Blumenfeld asserts that the ten percent figure is arbitrary and oppressive, the district court simply sought to prevent Blumenfeld from "being able to avoid any payments in restitution by simply incurring expenses which eat up all of the disposable income available." Joint Appendix at 254-55. In light of Blumenfeld's education and extensive business experience, the district court properly ordered that Blumenfeld's restitution payments equal or exceed ten percent of his gross income. We therefore reject Blumenfeld's second assignment of error.
 
 
 22
 Accordingly, we AFFIRM the district court's sentencing determinations.