112 F.3d 517
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Derrick BINES, Defendant-Appellant.
 No. 96-55704.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 24, 1997.
 
 Before BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Derrick Bines, a federal prisoner, appeals pro se the denial of his 28 U.S.C. § 2255 motion challenging his sentence imposed following a guilty plea to conspiracy to distribute cocaine base and powder, conspiracy to distribute PCP, and money laundering, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 1956(A)(1)(a)(i). Bines also challenges the district court's modification of his sentence pursuant to his 18 U.S.C. § 3582(c)(2) motion. Bines contends that the district court erred by: (1) imposing the same sentence on all three counts of the indictment pursuant to U.S.S.G. § 5G1.2; and (2) reducing his sentence by only five months pursuant to his section 3582(c)(2) motion. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255, and we affirm.
 
 I. Section 2255
 
 3
 We review de novo a district court's decision on a section 2255 motion. See United States v. Span, 75 F.3d 1383, 1386 (9th Cir.1996. Bines contends that the district court imposed an illegal general sentence when it retroactively applied U.S.S.G. § 5G1.2 to his case, because his sentence was determined by his plea agreement, not the Sentencing Guidelines; the individual offense levels for the PCP and the money laundering counts result in lower sentences; and, even if section 5G1.2 applied, it is unconstitutionally vague. These claims lacks merit.
 
 
 4
 The sentencing court must select a sentence from within the Sentencing Guidelines pursuant to The Sentencing Reform Act of 1984. See U.S.S.G. § 1A2 (1992). The sentencing court must impose the total punishment on each count of a multiple-count conviction, unless the total punishment exceeds the statutory maximum for the count. See U.S.S.G. § 5G1.2(b), comment. (1992).
 
 
 5
 Here, the district court determined that the total punishment under U.S.S.G. § 5G1.2 was 240 months, and imposed 240-month sentences on each count.[1]
 
 
 6
 The district court did not abuse its discretion by applying U.S.S.G. § 5G1.2 to Bines's case, since application of the Sentencing Guidelines is mandatory, see U.S.S.G. § 1A2, and section 5G1.2 governs implementation of a prison sentence on multiple-count convictions. See U.S.S.G. § 5G1.2 (1992). Additionally, the district court did not err by sentencing Bines to 240 months on all counts, since the maximum statutory penalties for his crimes exceeded the total punishment. See U.S.S.G. § 5G1.2, comment.; 21 U.S.C. §§ 846, 841(b)(1)(A)(iii), (iv); 18 U.S.C. § 1956(a)(1)(A)(i).[2] Finally, Bines's interpretation of sections 5G1.2(b) is incorrect, therefore the rule of lenity does not apply. See United States v. Valencia-Andrade, 72 F.3d 770, 774-75 (9th Cir.1995). Accordingly, the district court did not err by denying Bines's section 2255 motion. See Span, 75 F.3d at 1386.
 
 II. Section 3582 Motion
 
 7
 Bines contends that the district court violated the Double Jeopardy Clause by refusing to reduce his sentence by 43 months pursuant to 18 U.S.C. § 3582(c)(2). He also contends that the district court violated 18 U.S.C. § 3553(c) by failing to state in open court its reasons for not reducing his sentence by two levels. These claims lacks merit.
 
 
 8
 The Double Jeopardy Clause affords protection against subsequent prosecutions after acquittal or conviction, and protects against multiple punishments for the same crime. See United States v. Scarano, 76 F.3d 1471, 1474 (9th Cir.1996). "The court, at the time of sentencing, shall state in open court its reasons for imposing a particular sentence." See 18 U.S.C. § 3553(c) (Supp.1997). We review for abuse of discretion the district court's decision on a 18 U.S.C. § 3582 motion. See United States v. Townsend, 98 F.3d 510, 512 (9th Cir.1996).
 
 
 9
 Here, the district court reduced Bines's sentence by five months to reflect the lower maximum base offense level for distributing fifteen or more grams of cocaine, pursuant to Amendment 505, and sentenced him to the top of the new guideline range.
 
 
 10
 The district court did not violate the Double Jeopardy Clause because no additional punishment was imposed. See Scarano, 76 F.3d at 1474.
 
 
 11
 Additionally, the district court stated its reasons for the reduction. Because 18 U.S.C. § 3553(c) applies to the initial sentencing proceedings, the district court was not required to justify its decision for not further reducing Bines's sentence. See 18 U.S.C. § 3553(c). Accordingly, the district court did not abuse its discretion by reducing Bines's sentence by five months pursuant to 18 U.S.C. § 3582(c)(2). See Townsend, 98 F.3d at 512.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bines was initially sentenced to 240 months on each count. The district court subsequently reduced his sentence to 235 months on each count after granting his section 3582 motion
 
 
 [2]
 The statutory maximum penalty for the two conspiracy counts was life in prison and/or $4,000,000 fine, or the amount provided in Title 18, whichever is greater. See 21 U.S.C. §§ 846, 841(b)(1)(A)(iii), and (iv) (1992). The statutory maximum penalty for the money laundering count was a fine of $500,000 or twice the value of the property involved and/or 20 years in prison. See 18 U.S.C. § 1956(a)(1)(A)(i) (1992)