**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Clint NAGANO, Defendant–Appellant.**

No. 99–15500.

D.C. Nos. CV–98–00353–ACK, CR–90–00287–HMF.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.[*]

Decided May 25, 2001.

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

MEMORANDUM [**]

Clint Nagano appeals pro se the district court's denial in part of his 28 U.S.C. § 2255 motion challenging his sentence for two counts of bank burglary and one count of bank larceny pursuant to 18 U.S.C. §§ 2113(a), 2113(b). We have jurisdiction pursuant to 28 U.S.C. § 2253, 2255, and we affirm.

Nagano's claim that Judge Fong prejudged his sentence is not supported by the record, which shows the court held a two-day sentencing hearing where Nagano had ample opportunity to make his case. Moreover, the court ruled in Nagano's fa-

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

vor in awarding him a 2–level reduction for acceptance of responsibility, contrary to the presentencing report's recommendation, and the prison term imposed remained within the permissible range even under Nagano's theory. *See United States v. Streit,* 17 F.3d 306, 307 (9th Cir.1994) ("Nothing in the record ... would support a finding that the trial judge was biased against this defendant.").

Nagano also appeals (a) the sentencing court's decision to impose consecutive prison terms for the conviction governed by the U.S. Sentencing Guidelines as well as the two non-Guideline offenses and (b) the imposition of a much longer sentence for the latter than the former. Both decisions were well within the discretion of the district court. *See United States v. Hicks,* 997 F.2d 594, 600 (9th Cir.1993) (consecutive terms); *United States v. Scarano,* 76 F.3d 1471, 1480 (9th Cir.1996) (structure of combined sentence). Although the court chose to impose a longer prison term by relying on the non-Guideline offenses in lieu of an upward departure on the Guideline count, the court also explicitly found that Nagano's criminal history would have justified imposing an upward departure, if that had been necessary, and we agree.

Nagano's restitution claims are procedurally barred. Prisoners cannot bring a § 2255 motion to challenge a restitution order. *See United States v. Kramer,* 195 F.3d 1129, 1130 (9th Cir.1999).

Nagano's claim that the district court lacked subject-matter jurisdiction over Count 1 is also without merit. Section 2113(a) requires only that the defendant unlawfully enter a building "used in whole or in part as a bank" with intent to commit a felony against such bank. 18 U.S.C. 2113(a); *see United States v. Rrapi,* 175 F.3d 742, 751–53 (9th Cir.1999). Such was the case here.

Finally, the district court did not err in deciding Nagano's § 2255 motion without a hearing because the record clearly demonstrates that none of the above claims justify the requested relief. *See United States v. Schaflander,* 743 F.2d 714, 717 (9th Cir. 1984) (summary dismissal warranted where record establishes that § 2255 allegations fail to state a claim for relief).

AFFIRMED.