**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Eleazar BOTELLO–SANTIAGO,**
**Defendant—Appellant.**

No. 99–50466.
D.C. No. CR–98–01075–R–1.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 22, 2001.*

Decided Dec. 28, 2001.

Before CHOY, SKOPIL, and
FERGUSON, Circuit Judges.

### MEMORANDUM **

Eleazar Botello–Santiago appeals the
sentence imposed by the district court fol-
lowing his guilty plea to illegal reentry
after deportation, in violation of 8 U.S.C.
§ 1326. We have jurisdiction pursuant to
28 U.S.C. § 1291, and we affirm.

Botello–Santiago first argues that, be-
cause his sentence was enhanced on the
basis of his prior kidnaping conviction, his
sentence constitutes a second punishment
for that offense. Because Botello–Santia-
go did not raise this issue before the dis-

---

\* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

\** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

trict court, we review the issue under the plain error standard. Fed.R.Crim.P. 52(b); *United States v. Antonakeas,* 255 F.3d 714, 727 (9th Cir.2001). A plain error is a clear or obvious error that affected the defendant's substantial rights and seriously affected the fairness, integrity, or public reputation of the proceedings. *United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999).

■ Due to the sixteen level enhancement for his prior conviction, Botello–Santiago's sentencing range under the Guidelines was forty-six to fifty-seven months' imprisonment. This is below the statutory maximum sentence provided by 8 U.S.C. § 1326(b)(2) and, therefore, the enhancement does not constitute "punishment" for double jeopardy purposes. *See United States v. Scarano,* 76 F.3d 1471, 1477 (9th Cir.1996) ("Enhancement of a sentence based on relevant conduct offenses, where the resulting sentence for the offense of conviction is within the statutory maximum, does not constitute 'punishment' for the relevant conduct within the meaning of the Double Jeopardy Clause."). Botello–Santiago's double jeopardy rights were not adversely affected.

■ Botello–Santiago also argues, for the first time on appeal, that his sentence constitutes cruel and unusual punishment. As noted *supra,* his sentence was well below the maximum term allowed by § 1326(b)(2). Further, this court has previously held that sentences of more than forty-six months for § 1326 violations did not constitute cruel and unusual punishment. *See United States v. Estrada–Plata,* 57 F.3d 757, 762–63 (9th Cir.1995) (affirming a fifty-seven month sentence); *United States v. Cupa–Guillen,* 34 F.3d 860, 864–65 (9th Cir.1994) (affirming a one

hundred month sentence for a defendant with two prior aggravated felony convictions). Therefore, it cannot be said that Botello–Santiago's sentence is "so 'grossly out of proportion to the severity of the crime' as to shock our sense of justice." *See Cupa–Guillen,* 34 F.3d at 864 (quoting *United States v. Vega–Mejia,* 611 F.2d 751, 753 (9th Cir.1979)). His sentence does not constitute cruel and unusual punishment.

■ We also reject Botello–Santiago's argument that the sentencing ranges imposed by the Guidelines for § 1326 violations in general constitute cruel and unusual punishment. The maximum sentencing range for persons convicted of a § 1326 violation is 100 to 125 months' imprisonment. U.S.S.G. § 2L1.2 (2000); U.S.S.G. Ch. 5, sentencing table. This is below the maximum sentence provided by § 1326 and is not so grossly disproportionate to the offense as to shock our sense of justice.

Finally, Botello–Santiago argues that the district court should have *sua sponte* granted him a downward departure because the sentence was excessive in comparison to his offense. Because Botello–Santiago failed to present a request for downward departure on this ground to the district court, the issue is waived on appeal. *See United States v. Quesada,* 972 F.2d 281, 283–84 (9th Cir.1992).

On the basis of the foregoing, we AFFIRM Botello–Santiago's sentence.