**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rickey Lane PIERCE, Defendant–
Appellant.**

No. 01–10299.

D.C. No. CR–99–05310–AWI.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002 *.

Decided March 19, 2002.

Before FARRIS, W. FLETCHER and
FISHER, Circuit Judges.

MEMORANDUM **

Rickey Lane Pierce appeals the 63–month sentence imposed after his guilty plea conviction for five counts of aiding and abetting mail fraud, in violation of 18 U.S.C. §§ 1341 and 2. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

Pierce's first contention is that the district court's determination of loss for purposes of U.S.S.G. § 2F1.1(b)(1)(P) violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Reviewing de novo, *United States v. Martin,* 278 F.3d 988, 1005 (9th Cir.2002), we conclude that this contention is without merit.

Pierce's 63–month sentence does not exceed the 5–year statutory maximum for his multiple counts of conviction because the district court properly stacked his sentences. *See United States v. Scarano,* 76 F.3d 1471, 1476 (9th Cir.1996); *United States v. Buckland,* 277 F.3d 1173, 1184–85 (9th Cir.2002) (en banc). Where a defendant's actual sentence does not exceed the statutory maximum for the offense to which he pleaded guilty, *Apprendi* is not implicated. *See United States v. Scheele,* 231 F.3d 492, 497 n. 2 (9th Cir.2000); *United States v. Garcia–Guizar,* 234 F.3d 483, 488–89 (9th Cir.2000).

Secondly, Pierce contends that the district court's calculation of loss was erroneous because it did not deduct the amount of money that was repaid to the victims. We review for an abuse of discretion, *United States v. Munoz,* 233 F.3d 1117, 1125 (9th Cir.2000), and find none. It was proper for the district court to use the amount of loss that Pierce attempted to inflict, without offsetting it by the amount recovered by the victims. *Id.* at 1125–26.

Pierce's final contention is that the district court erred by applying an upward adjustment for abuse of a position of trust pursuant to § 3B1.3. Based upon our de novo review, *United States v. Medrano,* 241 F.3d 740, 746 (9th Cir.), *cert. denied,* 533 U.S. 963, 121 S.Ct. 2622, 150 L.Ed.2d 775 (2001), we find this contention unpersuasive. Because Pierce abused a position of trust with his victims in order to facilitate commission of the fraud, the upward adjustment was appropriate. *See United*

directed to file Camarena–Rodriguez's supplemental excerpts of record received on September 4, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*States v. Hill*, 915 F.2d 502, 507 (9th Cir. 1990).

AFFIRMED.***

---

*** All outstanding motions are denied as moot.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.