# FILED

SEP 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50366 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 8:15-cr-00080-DOC-3 |
| MARK ALAN GELAZELA, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50006 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 8:15-cr-00080-DOC-3 |
| MARK GELAZELA, AKA Mark Alan Galezela, AKA Mark Gelazel, AKA Mark A. Gelazela, AKA Mark Alan Gelazela, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted September 11, 2019
Pasadena, California

Before:  RAWLINSON, IKUTA, and BENNETT, Circuit Judges.

Appellant Mark Gelazela (Gelazela) appeals his convictions for wire fraud premised on a scheme to defraud investors in bank guarantees.

The district court correctly denied Gelazela's motion to dismiss the indictment as time-barred because the indictment alleged that part of the scheme to defraud was lulling the victims, and held that the indictment was filed within the five-year statute of limitations based on lulling communications to the victims that were part of the scheme to defraud.  *See United States v. Lane*, 474 U.S. 438, 451-52 (1986) (explaining that "[m]ailings occurring after receipt of the goods obtained by fraud are within the statute if they were designed to lull the victims into a false sense of security, postpone their ultimate complaint to the authorities, and therefore make the apprehension of the defendants less likely than if no mailings had taken place") (citations and internal quotation marks omitted); *see also United States v. Tanke*, 743 F.3d 1296, 1305 (9th Cir. 2014) (articulating that "[a]llowance must be made for the reality that embezzlements and other schemes to defraud are often open-ended, opportunistic enterprises.  They may evolve over time, contemplate no fixed end date or adapt to changed circumstances.") (citations, alterations, and

internal quotation marks omitted). Because the lulling communications were wires in furtherance of the scheme, the continuing offense doctrine was not applicable. *See United States v. Niven*, 952 F.2d 289, 293 (9th Cir. 1991), *overruled on other grounds by United States v. Scarano*, 76 F.3d 1471, 1477 (9th Cir. 1996).

The district court properly instructed the jury concerning the requisite elements for wire fraud, and that the jury was required to determine that the lulling communications were part of the scheme to defraud. *See Tanke*, 743 F.3d at 1305 (holding that "mailings designed to avoid detection or responsibility for a fraudulent scheme fall within the mail fraud statute when they are sent before the scheme is completed. To determine when a scheme ends, we look to the scope of the scheme as devised by the perpetrator").[1] The district court also adequately responded to the jury's question regarding the materiality of the lulling communications because the instruction on materiality was not ambiguous. *See id.*

**AFFIRMED.**

---

[1] "It is well settled that cases construing the mail fraud and wire fraud statutes are applicable to either." *Tanke*, 743 F.3d at 1303 n.3 (citation omitted).